■ MARIA GUZZARDI et al., Appellants, v CHARITY I. CRAWFORD, Respondent. — Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered January 13, 1984 in Schenectady County, which granted defendant's motion for summary judgment dismissing causes of action asserted by plaintiffs Lucille Guzzardi, Karen Guzzardi and Antonio Guzzardi.

On October 10, 1982, plaintiffs Lucille Guzzardi and her daughter Karen were injured in a two-car collision, following which they instituted suit to recover damages for the injuries they had sustained.[*] Plaintiff Antonio Guzzardi's claims derive from those of his wife Lucille and daughter Karen.

At issue is whether Special Term correctly concluded the injured plaintiffs failed to establish that they suffered a serious injury within the meaning of subdivision 4 of section 671 of the Insurance Law. In their joint bill of particulars dated April 4, 1983, Lucille Guzzardi avers that she sustained a significant disfigurement of her lower back and a permanent loss of use and permanent consequential limitation of her neck, back and right arm; Karen claims that she endured a significant disfigurement of the lumbar area and a permanent loss of use and permanent consequential limitation of the lumbar area.

Medical reports appended to the moving papers, affirmed by Lucille's treating physician and the various examining physicians who saw her, simply do not substantiate the existence of a serious injury. The treating physician's impression following his first examination of Lucille on November 15, 1982 (she was not confined to the hospital following the accident) was that she suffered a "mild lumbar strain and cerebral concussion, by history". However, X rays revealed a normal lumbar and cervical spine and an electroencephalogram performed March 22, 1983 also proved unremarkable. While under the treating physician's care, Lucille had worn a cervical collar for approximately a month and a back support a few days before her final visit on April 18, 1983. An examination at that time disclosed that her neck and back movements were fairly free, that there was no evidence of neurologic disease and no need for the treating physician to see her again. A May 3, 1983 report by the orthopedist to whom she apparently had been referred by the treating physician lends no substance to her claim that she received a serious injury.

---

* Plaintiff Maria Guzzardi was also a passenger in the vehicle and has alleged that she sustained serious injuries as a result of the accident. Since she is not the subject of defendant's motion for summary judgment, however, she will not be discussed hereafter.

With respect to the infant plaintiff, the record is even less prepossessing. Nine days after the accident, Karen's physician described her condition as a "healing back strain" with negative X rays and full motion of the back with only slight pain on extension (see *Licari v Elliott,* 57 NY2d 230, 239). Karen was advised to return if she had any problems, but has not returned.

Each plaintiff also claims to have suffered nonpermanent injuries which prevented them from performing substantially all of their usual and customary daily duties for at least 90 days during the 180 days following the occurrence of the injury or impairment. There is no merit to this contention, since there is no evidence of a medically determined injury or of any impairment of a nonpermanent basis that prevented these plaintiffs from performing substantially all of the material acts which constituted their usual and customary activities during the statutory period (see, *id.,* at pp 239-240).

Considering the record in its entirety, we are unable to say that Special Term's determination was incorrect (see *Salisbury v St. Louis,* 91 AD2d 745).

Order affirmed, with costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.