■ SHIRLEY HOROWITZ et al., Appellants, v VERNON CLEAR-

WATER et al., Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Connor, J.), entered March 12, 1990 in Greene County, upon a verdict rendered in favor of defendants.

Plaintiff Shirley Horowitz (hereinafter plaintiff) was injured in an automobile collision on September 22, 1986 in the Village of Catskill, Greene County. Plaintiff and her husband commenced this action to recover damages for allegedly "serious" personal injuries and derivative spousal losses. Defendants answered, alleged affirmative defenses and interposed cross claims against each other. After trial, a verdict was returned finding that plaintiff suffered no "serious injury" as defined by the Insurance Law in that plaintiff sustained no significant limitation of use of a body function or system and, further, suffered no permanent consequential limitation of use of a body function or system (see, Insurance Law § 5102 [d]).

Thereafter, plaintiffs moved to set aside the verdict on the ground that Supreme Court refused to charge that plaintiff may have suffered serious injury because she sustained a "medically determined injury or impairment of a non-permanent nature which prevent[ed] [her] from performing substantially all of the material acts which constitute[d her] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the [collision]" (Insurance Law § 5102 [d]). Supreme Court denied the motion. This appeal ensued.

The judgment should be affirmed. Initially, we disagree with the contention that Supreme Court erred in refusing to give a charge allowing the jury to find serious injury based on an injury preventing plaintiff from performing substantially all of her customary daily activities, as that type of injury is defined in Insurance Law § 5102 (d). Further, plaintiffs' counsel stated before the jury retired that he had no objection to the charge. Accordingly, this issue was not preserved for appellate review (see, Seneca Dress Co. v Bea-Jay Mfg. Corp., 156 AD2d 894, 895), notwithstanding a request for the charge during precharge discussion with the court (see, Zito v New York State Elec. & Gas Corp., 122 AD2d 499, 500-501).

We also reluctantly withhold the exercise of our discretion to reverse in the interest of justice. While plaintiff testified that after the collision she was unable to perform certain tasks and engage in various activities of which she was previously capable, the record does not contain any medical proof concerning a nexus between plaintiff's injuries and the

duration of her disability. Further, while there was testimony that plaintiff was in the hospital for two weeks immediately after the collision and remained in bed at home for several weeks after her discharge from the hospital, there is no record proof of the full extent of her usual activities and, consequently, that she was "curtailed from performing [those] activities to a great extent rather than some slight curtailment" (see, Licari v Elliott, 57 NY2d 230, 236). Accordingly, Supreme Court correctly concluded that plaintiff failed to adduce sufficient evidence to warrant a charge on that portion of the Insurance Law's definition of serious injury.

Weiss, Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed, with costs.