■ JOAN LANUTO et al., Respondents, v CHRIS CONSTANTINE et al., Appellants. [596 NYS2d 944] —Casey, J. Appeal from an order of the Supreme Court (Connor, J.), entered March 25, 1992 in Greene County, which denied defendants' motions for summary judgment dismissing the complaint.

While stopped at the intersection of Route 9W and West Main Street in the Village of Catskill, Greene County, the car driven by plaintiff Joan Lanuto (hereinafter plaintiff) was struck by a car driven by defendant Chris Constantine and by a car driven by defendant Catherine Petramale. Defendants' cars had apparently collided before they struck plaintiff's vehicle. From the scene plaintiff was taken by ambulance to the hospital and treated on an outpatient basis. She complained of pain in her right forearm, but X rays revealed no fractures. Her forearm was placed in a sling to relieve the pain and she left the hospital for her home. She was told to put ice on her arm and to take Tylenol for her pain.

Plaintiff commenced this action against both drivers, alleging that she had sustained fibromyalgia, carpal tunnel syndrome, torticollis, cervical radioculpathy at L4-S1 and cervical strain. These injuries were claimed to have brought plaintiff

within four of the categories of the nofault serious injury threshold requirements: (1) permanent loss of body organ, member, function or system, (2) permanent consequential limitation of use of a body organ or member, (3) significant limitation of use of a body function or system, and (4) medically determined injury or impairment of a nonpermanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment (see, Insurance Law § 5102 [d]).

After discovery, Petramale moved for summary judgment dismissing the complaint because plaintiff had not sustained a serious injury within the four categories mentioned above, as claimed in her bill of particulars, and Constantine, by cross motion, joined in the motion. Defendants' motions were supported by a doctor's affirmation that showed a mild disability for a short period of time following the accident and that plaintiff's injuries were not permanent in nature. The doctor further averred that no objective evidence of any medical condition that would be the cause of plaintiff's continuing complaints was found. In opposition, plaintiff filed her own affidavit and an affidavit from her treating physician and a chiropractor who examined her once following the filing of the motions. Supreme Court denied both defendants' motions, finding that a triable issue of fact existed as to whether plaintiff sustained a serious injury to her neck and lower back. The issue of fact was not further defined. Defendants appeal.

In our view, Supreme Court erred in determining that plaintiff raised a triable issue of fact as to whether she suffered a "serious injury" within the provisions of Insurance Law § 5102 (d). Initially, defendants met their evidentiary burden of presenting evidence in admissible form to warrant a finding, as a matter of law, that plaintiff has not sustained a "serious injury". It was, therefore, incumbent upon plaintiff to demonstrate that she sustained a "serious injury" within one or more of the categories claimed in her bill of particulars (see, Berben v Arain, 124 AD2d 379). With regard to the category involving a "permanent loss of use of a body organ, member, function or system", plaintiff submitted insufficient medical proof on the issue of permanency on which both her treating physician and chiropractor are silent (see, Gaddy v Eyler, 79 NY2d 955, 957-958). With regard to the permanent consequential limitation of use category, plaintiff failed to

raise an issue of fact to support her claim of permanency *(see, Albanese v Stevens,* 148 AD2d 805, 806). As to the category of significant limitation of use of a body function or system, the law requires the limitation of use to be more than minor, mild or slight *(Gaddy v Eyler, supra,* at 957), and the claim must be supported by medical proof based upon credible medical evidence of an objectively measured and quantified medical injury or condition *(see, Hemmes v Twedt,* 180 AD2d 925). No objective medical findings have been set forth to support the opinion of fibromyalgia by plaintiff's attending physician and no mention is made by the doctor of what activities plaintiff will be unable to perform as a result of this condition. In like manner, the affidavit of plaintiff's chiropractor fails the test.

Lastly, under the 90/180 days category, plaintiff again failed to present credible medical evidence that an injury or impairment was sustained *(see, Guzzardi v Crawford,* 106 AD2d 750) and that such injury or impairment was the cause of her claimed disability for the applicable period *(see, Horowitz v Clearwater,* 176 AD2d 1083). Plaintiff also failed to establish that she has been prevented from performing substantially all of her "usual activities to a great extent rather than some slight curtailment" *(Licari v Elliott,* 57 NY2d 230, 236). Again, no medical evidence supports her claim in this regard.

Plaintiff failed to make a sufficient showing to raise an issue of fact as to her claim of serious injury and, therefore, defendants' motions for summary judgment should be granted.

Weiss, P. J., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions granted and complaint dismissed.