■ KATHLEEN M. BAKER, Appellant, v KAREN J. DONAHUE, Respondent. [604 NYS2d 981] —Mercure, J. Appeal from an order of the Supreme Court (Best, J.), entered September 10, 1992 in Fulton County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff brought this action to recover for injuries sustained in a December 2, 1989 automobile accident. Following joinder of issue, exchange of medical reports and other discovery, defendant moved for summary judgment dismissing the complaint upon the ground that plaintiff did not sustain a "serious injury" (see, Insurance Law § 5102 [d]) as a matter of law. Supreme Court granted the motion and plaintiff appeals.

We affirm. Clearly, the October 17, 1990 affirmation of defendant's examining orthopedist satisfied defendant's initial evidentiary burden of presenting evidence in admissible form warranting a finding, as a matter of law, that plaintiff has not sustained a "serious injury" (see, Melino v Lauster, 195 AD2d 653, 655; Lanuto v Constantine, 192 AD2d 989, 990). The only competent medical evidence submitted in opposition to the motion was the affirmation of Douglas Van Vorst, plaintiff's treating chiropractor, who diagnosed plaintiff's injury as "acute severe sprain/strain syndrome of the thoracic spine with paravertebral polymyalgia". As for the resulting limitation, Van Vorst merely noted a moderate decrease in range of motion of the thoracic spine and opined that plaintiff "has a mild to moderate (20%) permanency due to the injuries sustained * * * [with] a moderate to marked degree of disability for two months following the accident". This is clearly deficient. First, the limitation described by Van Vorst is by no means "significant" or "consequential" (see, Insurance Law § 5102 [d]; Hemmes v Twedt, 180 AD2d 925, 926; Gaddy v Eyler, 167 AD2d 67, 70-71, affd 79 NY2d 955). Second, Van Vorst makes no attempt to translate any constraint to plaintiff's daily activities (see, Melino v Lauster, supra; Lanuto v Constantine, supra).

As a final matter, Supreme Court acted well within its discretion in refusing to accept papers submitted weeks following the adjourned return date of the motion.

Mikoll, J. P., Yesawich Jr., Crew III and Cardona, JJ., concur. Ordered that the order is affirmed, with costs.