■ JANE SHAMES et al., Respondents, v ROBERT E. MURTHA et al., Appellants. [612 NYS2d 85] —Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered September 15, 1993 in Warren County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiffs brought this action to recover for damages resulting from injuries sustained by plaintiff Jane Shames (hereinafter plaintiff) on October 7, 1989, when the automobile in which she was a passenger collided with a vehicle respectively owned and operated by defendants Robert E. Murtha and Robert E. Murtha, Jr. Defendants moved, *inter alia,* for summary judgment dismissing the complaint upon the ground that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d). Supreme Court denied the motions and defendants appeal.

We reverse. The Murthas supported their motion with affirmations of plaintiff's treating neurosurgeon, Fredric Fagelman, and their examining orthopedists, William Bronk and Edward Pasquarella, which showed that plaintiff's only injury was a cervical strain that, at most, caused her intermittent neck pain and resulted in an extremely mild disability. The Murthas thereby satisfied their burden of establishing prima facie that plaintiff did not sustain a serious injury, and shifted the burden to plaintiff to come forward with evidence that she was disabled from performing her normal and customary daily activities for more than 90 of the 180 days immediately following the accident, the only category of serious injury alleged in her bill of particulars or asserted on appeal *(see,*

*Melino v Lauster,* 195 AD2d 653, 654-656, *affd* 82 NY2d 828; *Lanuto v Constantine,* 192 AD2d 989, *lv denied* 82 NY2d 654). In opposition to the motion, plaintiff produced no medical evidence addressed to her condition during the relevant period *(see, Licari v Elliott,* 57 NY2d 230, 238; *Melino v Lauster, supra,* at 655; *Lanuto v Constantine, supra,* at 901; *Dubois v Simpson,* 182 AD2d 993, 994) and her own deposition testimony revealed that she continued with her usual occupation of giving music lessons following the accident, thereby precluding a finding that she was curtailed from performing her usual activities to a great extent *(see, Gaddy v Eyler,* 79 NY2d 955, 958; *Licari v Elliott, supra; Lanuto v Constantine, supra).*

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions granted, summary judgment awarded to defendants and complaint dismissed.