■ Reeva C. Balshan, Respondent, v Melissa M. Bouck, Appellant. [614 NYS2d 487] —Per Curiam. Appeal from a judgment of the Supreme Court (Harris, J.), entered May 14, 1993 in Albany County, upon a verdict rendered in favor of plaintiff.

Plaintiff brought this action to recover damages resulting from an injury she sustained on November 5, 1990 in an automobile accident. At the trial, plaintiff's medical expert testified that her X rays, taken two weeks after the accident, showed a stress-type fracture of her right shoulder blade. Defendant's expert countered that the X rays did not show a fracture.

At the end of plaintiff's case, defendant moved to dismiss the complaint for lack of evidence of serious injury. Supreme Court denied this motion and also defendant's subsequent motion for a directed verdict. Following the trial, the jury found for plaintiff on the issue of liability. In its verdict, the jury specifically rejected plaintiff's claims that she sustained a fracture, a permanent loss of a body organ, member, function or system, permanent consequential limitation of use of a body organ or member, or significant limitation of use of a body function or system. The jury did, however, find that she suffered an injury which prevented her from performing substantially all of her daily activities for a period of 90 out of 180 days after the accident (see, Insurance Law § 5102 [d]). The jury awarded plaintiff $20,000 in damages. Defendant's motion to set aside the verdict was denied and this appeal ensued.

We reverse. "In order to prove 'serious injury' under the 90-out-of-180-day rule, plaintiff must prove that she was 'curtailed from performing [her] usual activities to a great extent rather than some slight curtailment' " (Gaddy v Eyler, 79 NY2d 955, 958, quoting Licari v Elliott, 57 NY2d 230, 236). Here, the evidence showed that plaintiff, who was 57 at the time of the accident, missed four days of work and then returned to full-time employment. Although she experienced discomfort at work, plaintiff did not contend that she was prevented from performing her normal employment duties.

Plaintiff did testify that she engaged in swimming, jogging and bowling prior to the accident, and although she testified she could no longer swim, she acknowledged that she had not attempted jogging or bowling since the accident and "there [was] no medical evidence confirming her inability to engage in them" *(Melino v Lauster,* 195 AD2d 653, 655, *affd* 82 NY2d 828; *see, Gaddy v Eyler, supra,* at 957-958).

Although at times plaintiff endured pain, she did not allow her injury to *substantially* curtail her normal daily activities. Plaintiff acknowledged that her injury did not prevent her from driving her car, cleaning her house, showering and grooming herself, preparing meals or maintaining a social life which included dancing. Under these circumstances, the only reasonable interpretation of the credible evidence presented is that plaintiff's injury did not cause a 90-out-of-180-day curtailment of substantially all of her normal activities. Supreme Court erred in submitting this theory of serious injury to the jury. We certainly appreciate that jury verdicts are entitled to great deference; however, because the preponderance of the evidence is so greatly contrary to the jury's verdict, we are constrained to set it aside *(see, Esner v Janiszewski,* 180 AD2d 991, 993) and dismiss the complaint.

Cardona, P. J., White, Weiss, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, verdict in favor of plaintiff set aside and complaint dismissed.