■ POLLY A. VAN NOSTRAND et al., Respondents, v ANTHONY M. REGINA et al., Appellants. [622 NYS2d 150] —Cardona, P. J. Appeal from an order of the Supreme Court (Williams, J.), entered April 14, 1994 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Polly A. Van Nostrand (hereinafter plaintiff) was the driver of a vehicle on March 9, 1992 which was involved in a collision with a vehicle owned and operated by defendants. Plaintiff and her husband commenced this action alleging that she suffered a serious injury as defined by Insurance Law § 5102 (d).* Defendants moved for summary judgment with a prima facie showing that plaintiff's injury failed to meet the statutory standard for serious injury. The motion was denied and this appeal by defendants ensued.

On the day after the accident, plaintiff went to the emergency room where she was examined, had X rays taken, and released with pain medication and a neck brace. She was seen three days later by John Dolan, who treated her eight times in the 12 months immediately following the accident and twice during the following year, including January 21, 1994 in response to defendants' motion. As of July 14, 1992, Dolan's medical record indicates that plaintiff was normal except for a little numbness in the fifth finger. On both March 13, 1992 and March 29, 1993, plaintiff had full range of motion in her shoulders. At her examination before trial, plaintiff indicated that her symptoms for the previous six months were occasional headaches and intermittent shoulder pain. Although

---

* In her bill of particulars, plaintiff identified her serious injuries as a permanent loss of use of her cervical spine, a permanent consequential limitation of her cervical spine and a significant limitation of use of her cervical spine.

plaintiff admitted she was able to resume most of her normal activities, she was unable to lift grocery bags, skate or go to rides at amusement parks. Repeated X rays and neurological testing revealed normal results.

At the January 21, 1994 examination, Dolan found that plaintiff had tenderness over the anterior rotator cuff, pain in the scapula, and a winging at the superior border of the right scapula. Dolan indicated at the same time that there was some pain in abduction past 90 degrees and that the pain and tenderness symptoms were permanent. Dolan was of the opinion that plaintiff could continue her normal activities.

Absent from plaintiff's papers is proof that her intermittent pain and her activity limitations, even if medically indicated, are significant rather than minor, mild or slight (see, Licari v Elliott, 57 NY2d 230, 236). Dolan made no effort to quantify plaintiff's symptoms or to express any limits on the loss of use of any body functions or systems (see, Albanese v Stevens, 148 AD2d 805). Particularly, there is no mention of plaintiff's cervical spine, the only body system identified by the bill of particulars as seriously injured (see, Lanuto v Constantine, 192 AD2d 989, lv denied 82 NY2d 654).

Moreover, Dolan's affidavit and office notes discuss plaintiff's injury solely in terms of symptoms and fail to identify the bodily injury producing the intermittent pain. The changing nature of the symptoms, as documented by the physician's office notes, remains unexplained, as is the doctor's statement linking them to the accident. Dolan's opinion as to permanency, based upon the duration of pain, is not reflective of his office notes. In sum, the record lacks medical evidence identifying bodily injuries attributed to and producing the limited and changing symptoms (see, Gaddy v Eyler, 167 AD2d 67, 72, affd 79 NY2d 955; see also, Scheer v Koubek, 70 NY2d 678, 679; Licari v Elliott, supra, at 239).

Plaintiff has failed to make a sufficient showing to raise an issue of fact as to her claim of serious injury, and therefore defendants' motion for summary judgment must be granted.

Crew III, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.