■ JULIE B. RELIN, Appellant, v PENNIE R. BROTHERTON, Respondent. [633 NYS2d 883] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered November 18, 1994 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint.

On May 30, 1990, plaintiff suffered an extension flexion strain of the cervical spine when her vehicle was struck by one operated by defendant. This personal injury action ensued. After issue was joined, defendant moved for summary judgment, upon a prima facie showing that plaintiff had not sustained a serious injury as defined by Insurance Law § 5102 (d). Supreme Court granted the motion, noting that even if the unsworn medical record of plaintiff's attending physician were considered—plaintiff having submitted no other competent medical proof of her diagnosis or prognosis—it failed to support her position. Plaintiff appeals.

An affirmance is in order. The record fails to establish that plaintiff's injuries prevented her from performing substantially all of the material acts constituting her usual and customary daily activities for at least 90 of the 180 days immediately following the accident (*see, Balshan v Bouck*, 206 AD2d 747; *Kimball v Baker*, 174 AD2d 925, 927). Plaintiff missed three weeks of work and then returned part time for the next three weeks before returning full time. While this missed work time is reported in her medical record, there is scant indication of any pain other than tenderness and tightness as of July 18, 1990. The physician's notes disclose that plaintiff always had full range of motion, although with discomfort at the initial examination on May 31, 1990. The medical record is devoid of evidence confirming or suggesting any significant curtailment of plaintiff's ability to engage in her normal activities following her return to work full time (*see, Melino v Lauster*, 195 AD2d 653, 655, *affd on mem below* 82 NY2d 828; *Crane v Richard*, 180 AD2d 706, 707). Even accepting that plaintiff required assistance to perform certain job functions, and felt compelled to curtail some of her activities and sports, the record fails to show that the restrictions were medically indicated (*see, Shames v Murtha*, 204 AD2d 841, 842) or affected a significant portion of her usual and customary daily activities (*see, King v Johnston*, 211 AD2d 907, 908).

Finally, as Supreme Court correctly observed, there is no medical evidence substantiating plaintiff's claim that her limitations were more than mild, minor or slight (*see, Gaddy v Eyler*, 79 NY2d 955, 957; *Licari v Elliott*, 57 NY2d 230, 236; *Van Nostrand v Regina*, 212 AD2d 883, 884). Accordingly, the order of Supreme Court must be affirmed.

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.