■ LAUREN G. RENNELL, Appellant, v MERLE J. HORAN, Respondent. [639 NYS2d 171] —Peters, J.

On December 30, 1990, plaintiff was involved in a motor vehicle accident during which she allegedly sustained injuries to her head, neck and back when her vehicle was struck from behind by a vehicle operated by defendant. Plaintiff thereafter commenced this action contending that she had suffered a serious injury within the meaning of Insurance Law § 5102 (d). Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Defendant's motion was granted and plaintiff now appeals, contending that she has met the requirements of the statute under the "permanent loss of use" and "90/180" claims (*see,* Insurance Law § 5102 [d]).

We affirm. Initially, contrary to plaintiff's arguments, we find that defendant presented sufficient evidence to satisfy his initial burden on a summary judgment motion of establishing that plaintiff has not sustained a serious injury as a matter of law (*see, Colvin v Maille,* 127 AD2d 926, 927, *lv denied* 69 NY2d 611). Further, as Supreme Court appropriately observed, there is no medical evidence establishing that plaintiff has suffered a permanent loss of use of a body organ, member, function or system (*see, King v Johnston,* 211 AD2d 907). While there is proof that plaintiff continues to experience some pain and discomfort, there is no objective evidence supporting her claim of permanency in this regard (*see, supra*).

We additionally find that the conclusory statements in the record fail to establish that plaintiff's injuries prevented her from performing substantially all of her usual and customary daily activities for at least 90 of the 180 days immediately following the accident (*see, Balshan v Bouck*, 206 AD2d 747; *Kimball v Baker*, 174 AD2d 925). Although plaintiff maintains that she was and is in substantial pain, she acknowledges that her injuries did not prevent her from driving her car and shopping for groceries. Additionally, plaintiff, who was unemployed at the time of the accident, started a new job less than three months after she was injured. In any event, even accepting that plaintiff had to curtail some of her activities and sports, the record fails to show that such restrictions were medically indicated or affected a significant portion of her usual activities (*see, Relin v Brotherton*, 221 AD2d 840, 841).

Mikoll, J. P., Mercure, Crew III, and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.