■ JOSHUA HONIG, Appellant, v STATE OF NEW YORK, Respondent. [652 NYS2d 394] —Peters, J. Appeal from a judgment of the Court of Claims (Benza, J.), entered September 25, 1995, upon a decision of the court in favor of the State.

On December 14, 1990, Franklin E. Jersey, employed by the Office of General Services (hereinafter OGS), was driving a State-owned vehicle in the course of his employment which collided with a vehicle owned and driven by claimant. Jersey later pleaded guilty to failing to yield the right-of-way. Thereafter, claimant commenced this action against the State alleging that, due to Jersey's negligence, he sustained a "serious injury" as defined by Insurance Law § 5102 (d). Upon a trial, after reviewing the testimonial and medical evidence, the Court of Claims found that while liability could be established, there was insufficient evidence from which to conclude that claimant's physical problems constituted a serious injury. Claimant appeals.

Pursuant to New York's no-fault statute, claimant must establish a "serious injury" (Insurance Law § 5102 [d]). Although he argues that the evidence supports a finding that he suffered a "permanent consequential limitation" (Insurance Law § 5102 [d]) of his thoracic spine, as confirmed by the testimony of his chiropractor, Seth Peyser from the New Paltz Chiropractic Center (hereinafter NPCC), our review of the record reveals that claimant had a history of back problems dating back to 1985. In that year alone, claimant was treated at NPCC 26 times; thereafter, he was treated 14 times in 1986, 8 times in

1987, 39 times in 1988 (as a result of an automobile accident in which he also sustained back injuries), 67 times in 1989 and 35 times in 1990 prior to the instant accident.

Peyser testified that he began treating claimant for low back and neck problems in May 1989 and had, at that time, diagnosed him with cervical and low-back muscle spasms, lumbosacral sprain/strain, posttraumatic hyperflexion extension injury and lumbar radiculitis. He opined that the current accident aggravated claimant's previous back injuries. However, claimant's postaccident and preaccident MRI reports contain the same findings. Subsequent X rays revealed a severe degeneration of claimant's thoracic discs, yet Peyser had neither records nor personal knowledge as to whether claimant had been treated for these problems between 1985 and 1989.

With the Court of Claims' finding that Peyser's testimony consisted almost exclusively of " 'subjective complaints and symptomatology without a diagnosis based on a medical foundation' " (quoting *Gaddy v Eyler*, 167 AD2d 67, 72, *affd* 79 NY2d 955), and thus was "insufficient to support a claim of serious injury" (*Kordana v Pomellito*, 121 AD2d 783, 784, *appeal dismissed* 68 NY2d 848; *see, Zoldas v Louise Cab Corp.*, 108 AD2d 378, 384), the testimony of the State's expert, James Holmblad, a board-certified orthopedic surgeon, was noted. Holmblad testified that he reviewed the radiological and electromyographic (EMG) results of claimant's cervical spine, as well as his medical records. Based thereon, he concluded that claimant's back problems were preexisting and that, while there was a limitation of motion in claimant's thoracic, lumbar and cervical spine, there was no permanent disability as a result of the 1990 accident. Faced with conflicting medical evidence as to the cause of claimant's current back problems, the Court of Claims, as the trier of fact, was left to resolve this issue (*see, Buchberger v Barrack*, 151 AD2d 632, 633). Giving appropriate deference to the court's findings, it being in a better position to assess the evidence and the credibility of the witnesses (*see, Saulpaugh v State of New York*, 132 AD2d 781, 782; *Cordts v State of New York*, 125 AD2d 746, 749-750), we find no error.

Claimant next contends that even if his injuries are not permanent, they amount to a "significant" limitation of a body function or system (*see,* Insurance Law § 5102 [d]), clearly attributed to this accident. Again, we disagree. The Court of Claims found that "even the problems in the thoracic area, including the development of osteophytes", appeared to be present prior to this injury. The court opined that the limita-

tions observed by both experts "can be attributed to the natural progression of claimant's physical condition prior to the 1990 accident". Noting the absence of testimony or other evidence indicating specific limitations that rise to the necessary level of "significance" within the meaning of the Insurance Law (see, Larrabee v State of New York, 216 AD2d 772), we find that the court appropriately rejected the claim.

Even if we were to accept Peyser's findings of mild cervical and lower back spasms as objective support for his diagnosis (see, Cammarere v Villanova, 166 AD2d 760, 760-761), there still remains no medical evidence to support a finding that claimant suffered any limitation which could be characterized as "significant" or "consequential" (see, Lanuto v Constantine, 192 AD2d 989, lv denied 82 NY2d 654; Gaddy v Eyler, 167 AD2d 67, supra). We further note that the subjective quality of claimant's transitory pain does not fall "within the objective verbal definition of serious injury as contemplated by the No-Fault Law" (Licari v Elliott, 57 NY2d 230, 239).

Lastly, claimant alleges that even if his injuries cannot be categorized as a "permanent consequential limitation" or a "significant" limitation of a body function or system (Insurance Law § 5102 [d]), he would still meet the threshold since his injuries barred him from performing "substantially all" of his usual and customary daily activities for 90 out of the first 180 days following the accident (id.). Upon our review, we find that there was insufficient evidence indicating the way in which his normal and customary daily activities were affected during the relevant period (see, Nasi v Giraudin, 162 AD2d 805). Since claimant was the only witness to testify concerning his limitations and since the Court of Claims appropriately found his testimony "conclusory, subjective * * * contain[ing] little factual detail either about the actions he was unable to perform, the length of time he was unable to perform those actions, or the proportion of his daily activities that were made impossible", its findings will not be disturbed. Properly observing that there was no causal connection between the effect of claimant's purported limitations and the demands of his customary activities, or that his inability to work was causally related to the injuries from this accident (see, Lowe v Bennett, 122 AD2d 728, affd 69 NY2d 700) since he was unemployed prior thereto, we find no error.

As claimant fell outside the statutory threshold (see, Insurance Law § 5102 [d]), his claim was properly dismissed. Accordingly, the judgment of the Court of Claims is affirmed in its entirety.

Mercure, J. P., Crew III, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.