■ FRANK H. BELOW et al., Appellants, v ALLAN D. RANDALL et al., Respondents. [658 NYS2d 767] —Peters, J. Appeal from an order of the Supreme Court (Hughes, J.), entered May 16, 1996 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint of plaintiff Frank H. Below.

On February 19, 1994, vehicles owned and operated by defendant Allan D. Randall and defendant Glenn J. Rauch collided, which resulted in the Rauch vehicle striking the vehicle in which plaintiffs were traveling. Plaintiffs subsequently commenced this negligence action seeking damages for personal injuries they sustained in the accident. Following joinder of issue and the completion of discovery, Supreme Court granted defendants' respective motions for summary judgment and dismissed the complaint of plaintiff Frank H. Below (hereinafter plaintiff) on the ground that plaintiff failed to establish that he sustained a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiffs now appeal, contending that summary judgment was improper and that they have shown that plaintiff suffered a "serious injury" under the "90/180" day rule (see, Insurance Law § 5102 [d]).

We affirm. Initially, we find that the medical evidence submitted in support of defendants' motions established that plaintiff had not sustained a serious injury as a matter of law (see, Gaddy v Eyler, 79 NY2d 955, 956-957; Tankersley v Szesnat, 235 AD2d 1010, 1012). In support of the motions, Bryan Bilfield, an orthopedic surgeon, averred that his examinations of plaintiff revealed no objective evidence of any significant injury as a result of the accident, no evidence of permanency and no clinical or medical reason to conclude that plaintiff was unable to perform his usual and customary daily activities for at least 90 of the 180 days immediately following the accident. Bilfield attributed plaintiff's ongoing complaints of pain to degenerative arthritis of the cervical and lumbar spine; he also noted that plaintiff suffered from a left hip deformity and an angular deformity at the dorsal lumbar junction with degenerative arthritic changes, all conditions which

preexisted, but were not aggravated by, the February 19, 1994 accident.

In order to successfully oppose a motion for summary judgment under the "90/180" day rule, plaintiffs were required to establish, *inter alia*, that plaintiff was prevented "from performing substantially all of the material acts which constitute [his] usual and customary daily activities" within the statutory time period (Insurance Law § 5102 [d]), which includes a showing that plaintiff's usual activities were curtailed "to a great extent rather than some slight curtailment" (*Licari v Elliott*, 57 NY2d 230, 236; *see, Balshan v Bouck*, 206 AD2d 747; *Lanuto v Constantine*, 192 AD2d 989, 991, *lv denied* 82 NY2d 654). Here, plaintiff's conclusory and self-serving affidavit failed to adequately describe the material acts which constitute his usual and customary daily activities and establish that he was prevented from performing substantially all of such tasks for the statutorily required period (*see, Rennell v Horan*, 225 AD2d 939, 940). Notably, the record reveals that plaintiff was not confined to the hospital, bed or home at any time because of his injuries and was able to drive.

Even were we to accept that plaintiff could not engage in certain activities and sports, there has been no showing that these restrictions were medically indicated or that the activities comprised a significant portion of plaintiff's usual daily activities (*see, id.*). Moreover, while plaintiff's treating physician averred that plaintiff was totally disabled from engaging in any type of work for the statutory period, it is unclear whether this determination was based on objective medical findings or merely in response to plaintiff's subjective complaints of pain (*see, Kimball v Baker*, 174 AD2d 925, 927). As such, we find the affidavit of plaintiff's medical expert insufficient to raise a material issue of fact in this regard and, therefore, we decline to disturb Supreme Court's order.

White, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.