■ HOLLY LASHWAY, Respondent, v HEATHER L. GROSHANS et al., Appellants. [661 NYS2d 67] —Mercure, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered October 1, 1996 in Clinton County, which denied defendants' motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for summary judgment on the issue of liability.

Plaintiff sustained the injuries forming the basis for this negligence action in a February 1, 1993 automobile accident. On this appeal, we focus on the question of whether Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint upon the ground that plaintiff did not sustain a serious injury within one of the categories set forth in Insurance Law § 5102 (d). We conclude that Supreme Court did so err and accordingly reverse Supreme Court's order, grant defendants' motion and dismiss the complaint.

At the time of the subject accident, plaintiff was a full-time high school student. She first sought medical attention on February 5, 1993 when she was examined by a physician at the North Country Medical Group PC. She was diagnosed as having sustained a soft tissue injury to her back. Plaintiff lost little or no time at school and the only medical restriction placed on her activities was that she not take part in gym class but walk instead. After a number of visits to the North County Medical Group in February, March and April 1993, plaintiff treated with Honorio Dispo, a physician specializing in physical medicine and rehabilitation, in June through September 1993 and again in October and December 1994. In addition, although not identified in plaintiff's bill of particulars, it appears that she was treated by a physical therapist in 1993 and again in the latter part of 1994. Diagnostic tests performed or directed by the North County Medical Group and Dispo, including an MRI, CAT scan and bone scan, failed to confirm the existence of any fracture or other injury to plaintiff's spine or intervertebral discs.

By December 1994, plaintiff was released from physical therapy and from Dispo's care. Dispo's report of December 13, 1994 indicated that his "[e]xamination showed minimal pain and spasms at the thoraco-lumbar spine with flexion/extension and rotation of the spine not eliciting any pain". Plaintiff was also examined in December 1994 by Cyril Shea, an orthopedic surgeon engaged by defendants. Shea's report, incorporated in a January 18, 1996 affirmation, indicates a complete absence of symptoms related to the February 1, 1993 accident. To the contrary, in the course of Shea's examination "plaintiff exhibited normal contour of the cervical spine with a normal lordosis, no muscle spasm or tenderness, the thoraco-lumbar spine was of normal contour with no muscle spasm * * * [and] plaintiff exhibited a good, functional range of motion about the head, neck and upper extremities". Although plaintiff's subjective complaints were directed to the mid and lower cervical levels in the midline and at the base of the neck, no muscle spasms were noted in those areas on palpation or examination.

Initially, there can be no question that defendants' January 1996 summary judgment motion, supported by the negative diagnostic test results, plaintiff's deposition testimony, Dispo's medical reports and Shea's report and affirmation, satisfied defendants' initial burden of coming forward with prima facie evidence that plaintiff's injuries were not serious, thereby shifting the burden to plaintiff (see, Melino v Lauster, 195 AD2d 653, 655, affd 82 NY2d 828; Gaddy v Eyler, 167 AD2d 67, 69, affd 79 NY2d 955). In opposition to the motion, plaintiff claimed a serious injury under three of the categories set forth in Insurance Law § 5102 (d): (1) permanent loss of use of a body function or system, (2) significant limitation of use of a body function or system, and (3) an injury or impairment that prevented her from performing substantially all of the material acts which constitute her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. In support of her claim, plaintiff presented her own affidavit and that of her grandmother, generally describing the limitations on plaintiff's activities during the 180-day period following the accident. Plaintiff also submitted a March 29, 1996 affidavit of Dispo stating the findings of his June 3, 1993, July 27, 1993 and August 6, 1993 examinations and his opinion that plaintiff was prevented from performing substantially all of the material acts which constituted her usual and customary daily activities for more than 90 days during the 180 days immediately following the accident. Dispo further stated that plaintiff's symptoms are "continuing to affect her daily functional activities", that plaintiff "will continue

to suffer with neck/thoracic and low back pain indefinitely [and] [f]or example * * * can no longer shovel snow or perform routine household chores, such as sweeping, vacuuming, making beds, washing windows, lifting pots and pans or doing laundry".

In our view, plaintiff's evidentiary showing is markedly deficient. In a number of very similar cases, this Court and the Court of Appeals have made it clear that, although undoubtedly a serious matter to the injured party, under the existing statutory framework a soft tissue injury causing even persistent and protracted back pain will not qualify as a "serious injury" in the absence of competent medical evidence establishing a meaningful impairment or limitation as a result of that pain (*see, e.g.*, *Scheer v Koubek*, 70 NY2d 678; *Licari v Elliott*, 57 NY2d 230; *Honig v State of New York*, 235 AD2d 779; *Relin v Brotherton*, 221 AD2d 840; *Shames v Murtha*, 204 AD2d 841; *Melino v Lauster*, 195 AD2d 653, 655, *supra*; *Lanuto v Constantine*, 192 AD2d 989, *lv denied* 82 NY2d 654; *Hemmes v Twedt*, 180 AD2d 925; *Gaddy v Eyler*, 167 AD2d 67, 70-71, *supra*). No such showing has been made in this case.

Turning first to plaintiff's claim as it relates to the 180-day period immediately following the accident, we note that plaintiff was a high school student, an endeavor that encompassed most if not all of her usual and customary activities. As set forth above, plaintiff missed little or no school as a result of her injury and all indications are that her education took the very same course that it would have had she not been injured (*see, Shames v Murtha, supra*; *Melino v Lauster, supra,* at 655; *cf., Westfall v Wyld*, 191 AD2d 866, 867-868 [the plaintiff was unable to attend school, function as class president and pursue her part-time employment]). Under the circumstances, plaintiff's allegations concerning her inability to shovel snow or perform routine household tasks are unavailing.

Turning now to the other categories of claimed serious injury and carrying the foregoing analysis forward to the period beginning in August 1993, the record establishes that plaintiff went on to college beginning in the summer of 1993 and continuing through the time of the summary judgment motion, when she was a college sophomore. In addition, notwithstanding Dispo's after-the-fact statement that plaintiff is unable to shovel snow or perform routine household chores, such as sweeping, vacuuming, making beds, washing windows, lifting pots and pans or doing laundry, he placed no such limitations on her activities during the period of his active treatment (*see, Melino v Lauster, supra,* at 655). To the contrary, his contemporaneous reports indicate no limitations in her daily activities, and

plaintiff's primary treatment through 1993 appears to have been a fairly rigorous course of stretching and aerobic exercise.

As for Dispo's affidavit, we note that his conclusory opinion has been patently tailored to conform to the statutory definition of serious injury (*see, Lopez v Senatore*, 65 NY2d 1017, 1019; *Cannizzaro v King*, 187 AD2d 842, 843) and has no objective medical support in the record, but relies solely upon plaintiff's subjective expressions of pain (*see, Scheer v Koubek*, *supra*; *Gaddy v Eyler*, *supra*, at 71), unspecified restrictions in range of motion or transient physical conditions that had been noted nearly three years earlier (*see, Melino v Lauster*, *supra*, at 655-656). We also note that, although stating that plaintiff will continue to suffer pain "indefinitely", Dispo sets forth no competent opinion concerning the permanency of plaintiff's medical condition (*see, Lanuto v Constantine*, *supra*, at 990-991).

In view of the foregoing, it necessarily follows that Supreme Court erred in granting plaintiff's cross motion for summary judgment on the issue of liability.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, cross motion denied, motion granted, summary judgment awarded to defendants and complaint dismissed.