■ Marlene Gralnick, Respondent, v Samuel Gralnick, Appellant. [670 NYS2d 320] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated March 4, 1997, as directed him, pendente lite, to pay the past-due carrying charges on the marital residence, to pay the plaintiff wife $3,250 per month in maintenance retroactive to December 6, 1996, and to make future monthly payments to the plaintiff wife of $6,000, representing $3,250 in maintenance plus the carrying charges on the marital residence until the property is sold.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant argues that the pendente lite award of maintenance was excessive, and that he should not be responsible for all of the carrying charges on the marital residence prior to its sale. We disagree.

When the parties separated, the defendant volunteered to pay the plaintiff $6,000 a month, out of which the plaintiff would pay the $2,750 monthly carrying charges on the marital residence until it was sold. Thereafter, the defendant represented that he would pay the plaintiff $3,700 to $4,000 a month in maintenance for four years. In exchange, the plaintiff was to relinquish all claims to the marital home, to the defendant's assets, and to his business. However, as soon as the plaintiff moved out of the marital residence in accordance with this agreement, the defendant reneged, and stopped sending her any money. In directing the defendant, *inter alia,* to pay the

past-due carrying charges on the marital home, to pay the plaintiff $6,000 a month until the property was sold, and to pay her $3,250 per month in maintenance thereafter, the court merely revived the parties' original agreement.

We see no reason to substitute our discretion for that of the Supreme Court. In addition to taking into account the parties' agreement, the court expressly considered such other relevant factors as the parties' preseparation standard of living, the plaintiff's reasonable needs, and the financial ability of the defendant to make the payments in question (*see, Byer v Byer,* 199 AD2d 298; *Lobatto v Lobatto,* 102 AD2d 728). Any perceived inequity in the pendente lite award can best be remedied by a speedy trial (*see, e.g., Byer v Byer, supra; Cohen v Cohen,* 129 AD2d 550; *Erdheim v Erdheim,* 101 AD2d 803). O'Brien, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.