■ BERNARD HAUSMAN et al., Appellants, v WILLIAM P. GOURVILLE, Respondent. [670 NYS2d 320] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (McCaffrey, J.), entered February 28, 1997, which, upon a jury verdict after a trial on the issue of damages only, is in favor of the defendant and against them.

Ordered that the judgment is affirmed, with costs.

The Supreme Court did not err in failing to charge the jury that damages could be awarded if it found that the injured plaintiff, Bernard Hausman, suffered a serious injury which prevented him from performing substantially all of his customary daily activities for at least 90 out of the first 180 days following the accident, as defined in Insurance Law § 5102 (d). To the contrary, the record contains insufficient proof to support such a charge (*see, Moreno v Roberts,* 161 AD2d 1099). While medical evidence submitted on behalf of the plaintiffs supported the injured plaintiff's testimony that he was unable to engage in recreational activities, such as golf, bowling, and ping-pong after the accident, the additional testimony from the injured plaintiff's wife that his injuries prevented him from performing other tasks, such as shopping, gardening, and vacuuming, was not supported by medical testimony (*see, Balshan v Bouck,* 206 AD2d 747). Furthermore, the plaintiff was confined to bed for only two days following the accident, and was able to take a trip to see his children in California and Hawaii within two months of the accident. Therefore, the plaintiff failed to show that he was "curtailed from performing his usual activities to a great extent rather than some slight curtailment" (*Licari v Elliott,* 57 NY2d 230, 236; *Horowitz v Clearwater,* 176 AD2d 1083; *Moreno v Roberts, supra*). Joy, J. P., Krausman, Florio and Luciano, JJ., concur.