■ COLLEEN O'REILLY et al., Respondents, v BERNARD NELSON, Appellant. [700 NYS2d 671] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Nassau County (De Maro, J.), dated June 11, 1997, as denied his motion to vacate an earlier order of the same court, dated January 13, 1997, inter alia, granting the plaintiffs' motion to restore the action to the trial calendar upon the defendant's default in opposing the motion.

■ COLLEEN O'REILLY et al., Appellants, v BERNARD NELSON, Respondent. [689 NYS2d 221] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Davis, J.), dated February 28, 1998, which denied their motion to set aside a jury verdict finding the plaintiff Colleen O'Reilly and the defendant Bernard Nelson each 50% at fault in the happening of the accident, and (2) an order of the same court (O'Connell, J.), dated March 9, 1998, which granted the defendant's motion

pursuant to CPLR 4404 to set aside a jury verdict on the issue of damages in favor of the plaintiff Colleen O'Reilly and dismissed the complaint for failure to prove the existence of a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order dated March 9, 1998, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated February 28, 1998, is dismissed as academic, without costs or disbursements.

In this personal injury action arising from a motor vehicle accident, testimony that the injured plaintiff sustained incipient carpal tunnel syndrome was insufficient to satisfy the threshold criteria that she sustained a permanent consequential limitation of a body organ or member (*see, Gaddy v Eyler,* 79 NY2d 955, 957). The medical testimony as to the other medical conditions identified by the plaintiffs' medical expert was unsupported by objective medical testing (*see, Merisca v Alford,* 243 AD2d 613; *Lincoln v Johnson,* 225 AD2d 593; *Duvivier v Bruso,* 221 AD2d 411; *Kimball v Baker,* 174 AD2d 925, 927), and did not support the claim that the injured plaintiff was disabled during 90 out of 180 days after the accident (*see, Hausman v Gourville,* 248 AD2d 674). Accordingly, the Supreme Court properly granted the defendant's motion to set aside the jury's verdict finding that the injured plaintiff sustained a "serious injury". In light of our determination, the remaining issues raised by the appeals are academic. Santucci, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.