(May 24, 1999)

■ DAVID ABRAHAMSON et al., Respondents, v PREMIER CAR RENTAL OF SMITHTOWN et al., Appellants. [691 NYS2d 83] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (De Maro, J.), dated May 22, 1998, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff David Abrahamson did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, the motion is granted, and the complaint is dismissed, with costs.

Contrary to the determination of the Supreme Court, the submission of the summons and complaint, the plaintiffs' bill of particulars, unsworn hospital records and doctor reports, the injured plaintiff's pretrial testimony, and the affirmation of the defendant's expert, was sufficient to support the defendants' motion for summary judgment (*see, Vignola v Varrichio,* 243 AD2d 464; *Pagano v Kingsbury,* 182 AD2d 268, 270).

Additionally, the evidence demonstrated that the injured plaintiff returned to work full time within 73 days of the accident. Prior to his release, his orthopedist determined that he no longer suffered from rib-cage tenderness and had a full range of shoulder motion. The report of the defendants' expert indicated that there was no evidence of any long-term disability. The defendants therefore sustained their burden of demonstrating that the plaintiff was not prevented from performing "substantially all" of his daily activities during 90 out of 180 days following the occurrence of the injury (Insurance Law § 5102; *see, Licari v Elliott,* 57 NY2d 230, 238).

In contrast, the plaintiffs' evidentiary showing was wholly deficient, as they proffered only the expert affirmation of the injured plaintiff's general practitioner, who saw him within four days of the accident and reiterated the findings he made at that time (*see, Andrews v Nachman,* 258 AD2d 607; *La Rue v Tucker,* 247 AD2d 702, 703; *Lashway v Groshans,* 241 AD2d 832, 834). Although the plaintiff submitted his own affidavit and pretrial testimony indicating that he occasionally suffers from back pain and that he was unable to have sexual relations with his wife or to care for his children for three months after the accident, he failed to submit any credible medical or other evidence to support these subjective claims (*see, Licari v Elliott, supra,* at 240; *Buonaiuto v Shulberg,* 254 AD2d 384; *Lashway v Groshans, supra,* at 834). The injured plaintiff's subjective complaint about a stiff knee was completely new,

and was unsupported by any evidence which might demonstrate that this condition stemmed from the accident. O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.