■ Marta Pramnieks, Respondent, v Brink Bush, Appellant. [707 NYS2d 682] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered December 30, 1998, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

After the defendant established his entitlement to judgment as a matter of law by submitting proof in admissible form that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), the burden shifted to the plaintiff to demonstrate the existence of a triable issue of fact (see, Gaddy v Eyler, 79 NY2d 955, 956-957). Although the affirmation of the plaintiff's examining physician purported to quantify certain alleged restrictions in the plaintiff's range of motion of her cervical spine, it failed to establish that any objective tests were performed to support this determination (see, Grossman v Wright, 268 AD2d 79; Kauderer v Penta, 261 AD2d 365; Stowe v Simmons, 253 AD2d 422; Merisca v Alford, 243 AD2d 613; Gill v O.N.S. Trucking, 239 AD2d 463). Furthermore, the plaintiff's evidence failed to demonstrate that she was unable to perform her usual and customary activities for at least 90 out of the 180 days immediately following the accident (see, Andrews v Nachman, 258 AD2d 607; Shames v Murtha, 204 AD2d 841). Thompson, J. P., S. Miller, Krausman, Florio and Schmidt, JJ., concur.