■ ANN BAUCH et al., Individually and as Administrators of the Estate of EVAN L. BAUCH, Deceased, Respondents, v GEORGE E. VERRILLI et al., Appellants.—Mercure, J. Appeal from an order of the Supreme Court (Harris, J.), entered June 11, 1990 in Ulster County, which denied defendants' motions to vacate plaintiffs' supplemental bill of particulars.

Plaintiffs commenced this action to recover for the conscious pain and suffering and wrongful death of their son as the result of defendants' alleged malpractice. It is undisputed that the child died less than seven hours after his birth in March 1983. Plaintiffs served bills of particulars upon each defendant in early 1985 and on March 31, 1989 served what they denominated a "supplemental" bill of particulars alleging $1,000,000 in pecuniary injury as the result of the claimed loss of services and future earnings of the child. Although plaintiffs had filed their statement of readiness on October 19, 1988, a note of issue was not filed until April 17, 1989 (see, 22 NYCRR 202.21 [a]; former 202.56 [d]). Defendants each moved to strike the supplemental bill. Supreme Court denied the motions, determining that the instrument was in fact an amended bill of particulars (compare, CPLR 3042 [g], with CPLR 3043 [b]) and, because a note of issue had not yet been filed, leave of court was not required (see, CPLR 3042 [g]). Defendants appeal.

We affirm. Initially, we agree with Supreme Court's characterization of the instrument as an amended bill of particulars

because its purpose was not to update allegations of special damages previously asserted but, rather, to add a new claim for future loss of earnings *(see, Pearce v Booth Mem. Hosp.,* 152 AD2d 553, 554; *see also,* CPLR 3043 [b]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3042:14, at 539-540; C3043:2, at 602). However, the distinction between an amended bill and a supplemental bill would appear to be irrelevant in this case because either could be served without leave of court prior to the filing of the note of issue *(see,* CPLR 3042 [g] [governing amended bill]) and more than 30 days prior to trial *(see,* CPLR 3043 [b] [governing supplemental bill]). Further, while we agree with defendants that the purpose underlying the "statement of readiness rule" *(see,* Siegel, NY Prac § 370, at 545-546 [2d ed]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3042:14, at 538-539) would be best served by focusing on the date of filing of the statement of readiness, the fact is that the Legislature has expressly authorized amendments without leave up to the filing of the note of issue *(see,* CPLR 3042 [g]).*

Finally, we decline to consider defendants' contention that the amended bill of particulars should have been struck because its claim for loss of future earnings was unduly speculative. "A motion directed at a plaintiff's bill of particulars is an improper vehicle for the examination of the merits * * * of the claims made in the bill" *(Sentowski v Boulevard Hosp.,* 109 AD2d 878; *see, Carroll v Nunez,* 137 AD2d 911, 913).

Mahoney, P. J., Weiss and Levine, JJ., concur. Ordered that the order is affirmed, with costs.

---

* We note that amendments to 22 NYCRR 202.21 and 202.56, effective October 1, 1991, eliminated provisions relative to medical malpractive panels in conformity with the repeal of Judiciary Law § 148-a *(see,* L 1991, ch 165, §§ 47, 62 *[l])* and, as a result, there is no longer any authority for filing a certificate of readiness prior to the filing of a note of issue.