■ PAMELA WEAVER et al., Respondents, v LORRAINE DERR et al., Appellants. [661 NYS2d 684] —Mikoll, J. P. Appeal from an

order of the Supreme Court (Ellison, J.), entered January 31, 1997 in Chemung County, which denied defendants' motion for summary judgment dismissing the complaint.

In April 1993, plaintiff Pamela Weaver (hereinafter plaintiff) was involved in an automobile accident when the vehicle in which she was riding as a passenger was struck from behind by a vehicle driven by defendant Lorraine Derr and owned by defendant Harry Derr. After the accident, plaintiff and her husband commenced this negligence action against defendants. Following joinder of issue, defendants moved for summary judgment dismissing the complaint on the basis that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court denied the motion and defendants appeal.

As proponents of the motion for summary judgment, it was incumbent upon defendants to initially come forward with evidence that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) (see, *Tankersley v Szesnat*, 235 AD2d 1010, 1011; *Tompkins v Burtnick*, 236 AD2d 708; *Podwirny v De Caprio*, 194 AD2d 1057). Based upon our review of the record, we find that defendants have made this showing. Defendants' expert, Farouq Al-Khalidi, examined plaintiff on January 23, 1996 and reviewed the X rays and an MRI conducted upon plaintiff following the accident. He averred that although plaintiff complained of pain in the neck, shoulder and lower back, there was no objective medical evidence of any medical disability or permanent injury caused by the April 1993 accident or of any limitations of the cervical spine, thoracic spine, lumbo-sacral spine or shoulders. He noted that plaintiff had a full range of motion in the neck, except for the last 10 degrees on extreme rotation which he viewed as minimal. In addition, he noted that X rays and an MRI revealed that plaintiff had a congenital fusion at C6-C7 which was unrelated to the accident, but that these tests were otherwise unremarkable.

The only competent medical evidence offered by plaintiffs in opposition to the motion was the affidavit of plaintiff's chiropractor, Brett Buffington. He agreed with Al-Khalidi that there was no objective medical evidence that plaintiff suffered a disability associated with the April 1993 accident. Nevertheless, he diagnosed plaintiff with "myofascial pain syndrome", which he explained was a permanent and disabling injury to the cervical spine that prevented plaintiff from lifting more than 10 pounds or performing any physical activity that required regular pushing, pulling, bending, twisting or lifting. Buffington

further stated that this condition was causally related to the April 1993 accident and that plaintiff's preexisting congenital fusion at C6-C7 was aggravated by the accident.

In view of the lack of objective medical evidence substantiating plaintiff's disability and Buffington's failure to sufficiently set forth the medical foundation supporting his opinion, we find that plaintiffs have failed to successfully oppose defendants' motion by demonstrating that plaintiff suffered a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system" as defined in Insurance Law § 5102 (d) (*see, Baker v Donahue*, 199 AD2d 661; *Crozier v Lesniewski*, 195 AD2d 657, 658). In addition, insofar as plaintiff testified at her examination before trial that she returned to work for a period of time following the accident and was able to perform her regular duties with the exception of lifting, we also find that plaintiff was not precluded from performing her usual and customary daily activities for 90 out of 180 days following the accident (*see,* Insurance Law § 5102 [d]). Therefore, defendants' motion must be granted.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs; motion granted, summary judgment awarded to defendants and complaint dismissed.