■ RANDY S. JONES, Appellant, v WILLIAM J. MALARK et al., Respondents. [690 NYS2d 320] —Peters, J. Appeal from an order of the Supreme Court (Teresi, J.), entered June 12, 1998 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint.

In January 1995, plaintiff was a passenger on a bus when it was hit from behind by a truck driven by defendant William J. Malark. Due to the slow speed at which both vehicles were traveling, the bus sustained only a slight mark on its bumper. Plaintiff commenced this action seeking to recover damages for his resultant personal injuries, contending that he suffered trauma to his cervical spine, had limited range of motion, functional impairment of the back, trauma to the lumbar spine, severe injury and damage to the muscles and tissues at and near the strain sites.

After issue was joined, defendants* moved for summary judgment alleging that plaintiff did not suffer a "serious injury" within the meaning of Insurance Law § 5102 (d). Supreme Court found that defendants sustained their prima facie showing through their proffer of the independent medical examination report and affidavit of Kevin Barron, a board-certified physician in both neurology and psychiatry, who opined that no objective medical findings supported plaintiff's contentions. With the burden thereafter shifted to plaintiff to set forth " 'competent medical evidence based upon objective medical findings and diagnostic tests to support his claim' " (*Tankersley v Szesnat*, 235 AD2d 1010, 1012, quoting *Eisen v Walter & Samuels*, 215 AD2d 149, 150), plaintiff proffered his own affidavit and that of his physician, Emile Powe, board certified in internal medicine and gastroenterology. Supreme Court, finding that plaintiff failed to sustain his burden to demonstrate the existence of a triable question of fact regarding whether a serious injury had been sustained, granted summary judgment to defendants. Plaintiff appeals.

Plaintiff contends that he suffered a "serious injury" pursuant to Insurance Law § 5102 (d) which resulted in a "significant limitation of use", a "permanent loss of use" and a "permanent consequential limitation of use" to his head, cervical spine, shoulder and arms as a result of this accident and that, as a result of the chronic cervical strain and chronic muscular tension headaches he experienced, he was unable to perform substantially all of the material acts that constituted his usual and customary activities for not less than 90 days during the first 180 days following this accident (*see*, Insurance Law § 5102 [d]).

Addressing first plaintiff's contentions regarding a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system, Powe's affidavit reveals while he treated plaintiff from January 9, 1995 to January 22, 1997, he only examined him on three separate occasions. Powe averred that on his first examination on January 9, 1995, plaintiff had tenderness of the right sternocleidomastoid along with tenderness of other cervical muscles and his dorsal spine. Although Powe referred to "objective evidence" found on his examination, he failed to provide any detail or report the result of tests performed which had so revealed these objective medical findings. After such examination, Powe opined that plaintiff may be able to return to classes that he alleged he was attending at college after medication

---

* Defendant William Jones, Jr. is not related to plaintiff.

and therapy. While Powe references several reports he received from physicians to whom plaintiff had been referred, no affidavits from those physicians were offered.

Although Powe consistently refilled plaintiff's prescriptions, he did not examine him again until September 19, 1996, at which time Powe reported tenderness upon his examination of plaintiff and "painful range of motion and reflexes", recommending exercises and stress management. Again, while noting objective evidence on examination to support the subjective complaints of pain, no details were provided. Powe next examined plaintiff on January 2, 1997 and again concluded that he found objective evidence to support plaintiff's subjective complaints and now opined that his injuries were permanent. Notably, again, no details as to his observations or of the results of tests performed were provided to support these findings.

We conclude that Powe's affidavit is premised solely upon plaintiff's subjective complaints of pain and thereby fails to provide any legally competent evidence by reference to objective medical findings, tests or treatment plans (see, La Rue v Tucker, 247 AD2d 702; Tankersley v Szesnat, supra) to support the contention that plaintiff suffers from a "serious injury" within the meaning of Insurance Law § 5102 (d). Accordingly, we agree with Supreme Court that such showing was insufficient to demonstrate a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system (see, Gaddy v Eyler, 167 AD2d 67, 70, affd 79 NY2d 955). Plaintiff's contention that he sustained a "permanent loss of use of his cervical spine" because he experiences permanent recurrence of muscle spasms, tightness and stiffness in his neck which radiates into his shoulders causing restrictive range of motion of his neck must also be rejected since the proffer on such issue was similarly insufficient, revealing nothing more than plaintiff's subjective complaints of pain without objective medical findings (see, Scheer v Koubek, 70 NY2d 678; see also, Gaddy v Eyler, supra).

Finally, addressing plaintiff's assertion that he sustained a serious injury which endured for at least 90 of the first 180 days following the accident and substantially limited his daily activities, we have considered both plaintiff's affidavit and Powe's affidavit which asserts that plaintiff was totally disabled from work as a result of the accident. Again, with no supporting objective or credible medical evidence offered to support the findings, coupled with the record evidence that plaintiff attempted to drop all of his classes at college two days

*before* the accident and that his work restriction was self-imposed rather than medically determined, we decline to disturb the determination rendered (*see, Delaney v Lewis*, 256 AD2d 895; *La Rue v Tucker, supra*; *Decker v Stang*, 243 AD2d 1033, *lv denied* 91 NY2d 812).

Accordingly, as we agree that plaintiff failed to make a sufficient showing to raise an issue of fact supporting the claim of "serious injury" within the purview of Insurance Law § 5102 (d), the dismissal of the complaint is affirmed.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.