■ JOANNE FOUNTAIN, Appellant, v KYLE SULLIVAN, Respondent. [690 NYS2d 341] —Mikoll, J. P. Appeal from an order of the Supreme Court (Caruso, J.), entered August 10, 1998 in Schenectady County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, who was injured in January 1996 when her vehicle was struck by a vehicle driven by defendant, contends that Supreme Court erred in concluding that, as a matter of law, plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In support of her motion for sum-

---

mary judgment, defendant submitted the report of an orthopedic surgeon who examined plaintiff in January 1998 and concluded that, as a result of the accident, plaintiff sustained cervical and lumbar strains "which have long since resolved without any residua[l]". The expert also found that plaintiff had certain congenital problems—hyperlumbar lordosis or swayback and a leg-length discrepancy—which predispose plaintiff to chronic lower backache. Plaintiff concedes that the medical evidence submitted by defendant was sufficient to meet defendant's burden as the party seeking summary judgment and that, therefore, the burden shifted to plaintiff.

Inasmuch as subjective complaints of pain alone are insufficient to establish serious injury, plaintiff was obligated to oppose defendant's motion with competent medical evidence based upon objective medical findings and diagnostic tests to support her claims (*see, Decker v Stang*, 243 AD2d 1033, 1036, *lv denied* 91 NY2d 812; *Tankersley v Szesnat*, 235 AD2d 1010, 1012). Where, as here, plaintiff relies on protracted back pain, the competent medical evidence must establish a meaningful impairment or limitation as a result of the pain (*see, Lashway v Groshans*, 241 AD2d 832, 834). The affidavit of plaintiff's treating chiropractor generally alleged that plaintiff had consistently shown positive objective findings in both her cervical and lumbar spine, but he specifically referred only to muscle spasms of varying degrees of severity, the last of which he observed in May 1997. Plaintiff's expert alleged that plaintiff had also demonstrated a limited range of motion in her cervical and lumbar spine and "positive test results" as set forth in his office notes, which were attached to the affidavit. The expert made no effort to quantify the limitation of range of motion or demonstrate that it is meaningful.

To the extent that the expert's office notes are decipherable, they confirm some findings of muscle spasm. The notes also reveal, however, that plaintiff ceased treating with the chiropractor in June 1997, with the exception of one visit in September 1997. In April 1998, the chiropractor reevaluated plaintiff for the purpose of preparing his affidavit, but his opinion based upon that reevaluation is conclusory and obviously tailored to the statutory definition of serious injury (*see, Lashway v Groshans, supra*, at 835). Although the chiropractor alleged that plaintiff "continues to have positive signs of injury in both her cervical and lumbar spine", he failed to identify the tests he used, the degree of limitation or any treatment recommendations (*see, Uhl v Sofia*, 245 AD2d 988, 990). The mere fact that the chiropractor used the word permanent in describ-

ing plaintiff's condition is insufficient to raise a question of fact on the serious injury issue (*see, id.*). Supreme Court correctly concluded that plaintiff failed to meet her burden to submit competent medical evidence based upon objective medical findings and diagnostic tests to support her claims.

Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.