Linda D. Bennett et al., Appellants, v David A. Reed et al., Respondents. [693 NYS2d 738] —Graffeo, J. Appeal from an order of the Supreme Court (Ellison, J.), entered May 12, 1998 in Chemung County, which granted defendants' motion for summary judgment dismissing plaintiffs' complaint.

Plaintiff Linda D. Bennett (hereinafter plaintiff), and her husband, derivatively, commenced this action to recover money damages for injuries she sustained in a motor vehicle accident in the Town of Veteran, Chemung County, in October 1995. Following joinder of issue, Supreme Court granted defendants' motion for summary judgment dismissing the complaint on the basis that plaintiff did not sustain a serious injury pursuant to Insurance Law § 5102. Plaintiffs now appeal.

Plaintiff claims she suffered a serious injury to her neck and was unable to engage in substantially all of her customary daily activities for a period of 90 days during the 180 days following the accident (*see,* Insurance Law § 5102 [d]). In support of their motion, defendants submitted the affidavit of an orthopedic surgeon who opined that based on his examination, plaintiff merely sustained a cervical strain/sprain and there was no objective medical evidence to support a serious or permanent injury. Accordingly, defendants having satisfied their burden of establishing that plaintiff did not sustain a serious injury as a matter of law (*see, Morgan v Beh*, 256 AD2d 752; *Tankersley v Szesnat*, 235 AD2d 1010, 1011), the burden then shifted to plaintiffs to raise a triable issue of fact with respect

to the threshold issue of serious injury (*see, Gaddy v Eyler*, 79 NY2d 955, 957; *Faraone v Di Cocco*, 259 AD2d 854).

In order to satisfy plaintiff's burden with regard to her contention that she was prevented "from performing substantially all of the material acts which constitute[d] [her] usual and customary daily activities" for 90 of the 180 days following the accident (Insurance Law § 5102 [d]), it must be demonstrated that plaintiff's usual activities were curtailed "to a great extent rather than some slight curtailment" (*Licari v Elliott*, 57 NY2d 230, 236; *see, Below v Randall*, 240 AD2d 939, 940). Although plaintiff asserted in her affidavit that she was unable to engage in substantially all of her customary activities for the applicable period following the accident, plaintiff's conclusory affidavit and medically unsubstantiated complaints of disability failed to raise a question of fact with respect to whether she "was prevented from performing substantially all of such tasks for the statutorily required period" (*Below v Randall, supra*, at 940; *see, Kauderer v Penta*, 261 AD2d 365). Plaintiffs also failed to provide objective medical evidence supporting the claim of serious injury (*see, Jones v Malark*, 261 AD2d 788; *Delaney v Lewis*, 256 AD2d 895). Despite the statements in the affidavits by plaintiff's physician and chiropractor alleging that plaintiff was unable to engage in substantially all of her customary daily activities for 90 of the 180 days following the accident, neither affidavit referred to objective medical findings to support this determination (*see, Merisca v Alford*, 243 AD2d 613). Instead, the affidavits were clearly tailored to meet the statutory threshold and were dependent solely on information supplied by plaintiff, including references to plaintiff's subjective complaints of pain and discomfort, all of which were insufficient to support a claim for serious injury (*see, Crandall v Sledziewski*, 260 AD2d 754; *Fuller v Steves*, 235 AD2d 863; *Kordana v Pomellito*, 121 AD2d 783, *appeal dismissed* 68 NY2d 848).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.