■ BRENDA RATH et al., Respondents-Appellants, v EDWARD A. SHAFER, Appellant-Respondent. [699 NYS2d 512] —Mikoll, J. Cross appeals from a judgment of the Supreme Court (O'Brien, III, J.), entered January 14, 1999 in Madison County, which, *inter alia,* denied defendant's motion and plaintiffs' cross motion for summary judgment.

Plaintiff Brenda Rath (hereinafter plaintiff) was injured when the vehicle she was driving, owned by her husband, was rear-ended by a car driven by defendant. Plaintiffs sued alleging negligent operation of an automobile by defendant and serious injury pursuant to Insurance Law § 5102 (d). Thereafter, defendant moved for summary judgment dismissing the complaint and plaintiffs cross-moved to amend their bill of particulars and for summary judgment against defendant.

Supreme Court denied defendant's motion, holding that plaintiffs presented sufficient evidence to establish a triable issue of fact as to whether plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court also denied plaintiffs' cross motion for summary judgment finding the existence of questions of fact, but granted that part of their cross motion to amend the bill of particulars.

Prefatorily, we find that Supreme Court's grant of leave to amend the bill of particulars was within its discretion. Defendant has not articulated any prejudice accruing to him as a result of the amendment.

We next address the question of whether defendant met his initial burden of establishing that plaintiff did not sustain serious injury as defined by Insurance Law § 5102 (d). Defendant offered the affidavit of neurosurgeon Jeffrey Winfield, who, based on negative MRIs made of plaintiff, bone scans and his neurological examination, found that plaintiff had a full and complete range of motion in her neck and shoulders with only soft tissue tenderness and suboccipital pain. We conclude that defendant's showing was adequate to meet his burden of proof (*see, Weaver v Derr,* 242 AD2d 823, 824).

The burden then shifted to plaintiffs to set forth competent medical evidence based on objective medical findings to establish a "serious injury" within one of the categories claimed in the bill of particulars (*see, Lanuto v Constantine,* 192 AD2d 989, 990, *lv denied* 82 NY2d 654). Plaintiff's bill of particulars

claims that plaintiff sustained a serious injury under two categories set forth in Insurance Law § 5102 (d), namely, (1) significant limitation of use of a body function or system, and/or (2) that her injuries prevented her from performing substantially all of her customary activities for 90 out of 180 days immediately following the accident.

In support of her claim, plaintiff provided medical reports and an affidavit of her treating physician, Armand Cincotta, along with her own deposition. It was Cincotta's opinion that plaintiff suffered chronic cervical strain, whiplash, pain in her neck, back, shoulder, arms, ribs and buttocks, dizziness, difficulty breathing and muscle spasms. He opined that these injuries constitute a permanent loss of muscle and connective tissue. He further concluded that based on the findings of referring physicians, plaintiff also suffered from fibromyalgia pain syndrome, chronic cervical strain, and ongoing neck and back injuries.

Plaintiff's affidavit discloses that she operated a boarding farm for horses where she housed, trained and took care of 10 horses. In addition, she maintained a household performing the usual duties incident thereto. She testified that the injury caused her to be in bed a week and confined to the house for three weeks, that it was approximately three months before she could attend the horses, and she could not train them or clean their stalls until six months after the accident. She also could not do household duties for approximately three months. She further contends that her medical condition is such that it became impossible to maintain the horse farm and she was required to close it down and sell it.

The medical testimony submitted in support of plaintiff's contention must establish that plaintiff sustained either a significant loss of body function or system or, alternatively, was impaired from the performance of usual activities during the requisite period. Mere soft tissue injury, even if persistent or protracted, will not qualify as a serious injury in the absence of competent medical evidence establishing a meaningful impairment or limitation as a result of the pain (*see, Lashway v Groshans*, 241 AD2d 832, 834).

The record discloses that the following objective findings were made by her physician to sustain plaintiff's complaint. Cincotta found on April 10, 1995 a swelling of the sternocleidomastoid muscles, greater on the right than the left, limited motion and elevated blood pressure; on April 13, 1995 the swelling was still evident; on May 1, 1995 swelling continued to be apparent and paracervical spasms were noted; on May 9, 1995

swelling was found; on May 23, 1995 limited movement in the cervical area was noted; on June 13, 1995 she had decreased sensation; on November 15, 1995 limited flexion in the cervical area was noted; on December 27, 1995 swelling at the right sternocleidomastoid muscle and spasms; and on May 29, 1996 swelling in the neck.

Based on these objective findings found during 21 visits dating from April 10, 1995 to January 10, 1998, Cincotta concluded that plaintiff sustained injury in the April 9, 1995 accident resulting in chronic cervical strain. He then set out his understanding of her activities in running the horse farm. He opined that these injuries constitute a permanent loss of a body function or system, namely the muscle and connective tissue system and/or that this injury constituted an impairment of a permanent nature which prevented her from performing her usual and customary daily activities for more than 90 days during the 180 days immediately following her accident.

We conclude that the record bears enough objective medical findings to put in issue the question of serious injury requiring a trial.

Cardona, P. J., Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.