■ CLAUDIA SELLITTO, Respondent, v JAMES L. CASEY et al., Appellants. [702 NYS2d 177] —Cardona, P. J. Appeal from that part of an order of the Supreme Court (Keniry, J.), entered October 13, 1998 in Saratoga County, which partially denied defendants' motion for summary judgment dismissing the complaint.

On April 23, 1995, plaintiff was involved in an accident on Interstate Route 81 in Oswego County when the automobile she was driving was struck twice from behind by a vehicle owned by defendant F & R Safety Products, Inc. and operated by defendant James L. Casey. Thereafter, plaintiff commenced this personal injury action and, in her bill of particulars, alleged injuries to her left shoulder, left arm, left hand, neck, cervical spine, lumbar spine and mental capacity constituting

"serious injury" under the four categories set forth in Insurance Law § 5102 (d). Defendants moved for summary judgment dismissing the complaint and Supreme Court, upon finding the absence of permanent injury, partially granted the motion and dismissed plaintiff's claims premised upon a permanent loss of use of a body organ, member, function or system and a permanent consequential limitation of use of a body organ or member. The court, however, declined to dismiss plaintiff's claims based upon a significant limitation of use of a body function or system or a medically determined injury or impairment preventing plaintiff from performing substantially all of the material acts which constituted her usual and customary daily actions for not less than 90 days of the 180-day postaccident period. Defendants appeal from that part of Supreme Court's order denying their motion in its entirety.

We note that defendants had the initial burden of demonstrating that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see, Gaddy v Eyler, 79 NY2d 955, 956-957; Weaver v Derr, 242 AD2d 823, 824). Defendants submitted medical proof which disclosed, inter alia, the absence of any abnormalities in plaintiff's cervical spine or chest following the accident or any medical limitations on her activities, and that she had regained the full range of motion in her cervical spine without spasm or tenderness. In our opinion, defendants' proof was sufficient to shift the burden to plaintiff to put forth competent medical evidence supporting her claim (see, Boehm v Estate of Mack, 255 AD2d 749, 750; Evans v Hahn, 255 AD2d 751).

Turning first to the category of significant limitation, "the law requires the limitation of use to be more than minor, mild or slight" (Lanuto v Constantine, 192 AD2d 989, 991, lv denied 82 NY2d 654). In addition, it must be based upon more than the plaintiff's subjective complaints of pain (see, Paternoster v Drehmer, 260 AD2d 867, 868). Rather, it "must be supported by medical proof based upon credible medical evidence of an objectively measured and quantified medical injury or condition" (Lanuto v Constantine, supra, at 991).

In opposition to the motion, plaintiff submitted the affidavit of her treating physician, Kenneth Schwartz, who diagnosed plaintiff with cervical and lumbar strain, muscle spasms, left supraspinatus strain and an injury to the left rotator cuff. He averred that X rays of plaintiff's spine disclosed the presence of degenerative changes to C4-5 and C5-6. He stated that he prescribed ibuprofen and referred her to physical therapy. Schwartz indicated that he did not restrict plaintiff's work but

directed her to curtail any activities requiring lifting. He stated that by October 1995 she was not experiencing further spasm or tenderness and had regained 90% range of motion in her left shoulder. He opined that plaintiff was significantly disabled for 120 days after the accident and will suffer permanently, although her condition has improved to the point where she is no longer significantly disabled.

Plaintiff also submitted the affidavit of Cal Regula, a psychologist who began treating her in September 1995 for posttraumatic stress disorder which he averred was caused by the accident. According to Regula, plaintiff experienced symptoms such as disturbed sleep cycle and flashbacks which significantly affected her lifestyle, causing her to reduce her driving and become socially isolated. He indicated that he treated plaintiff on 29 occasions and, while she had progressed, she had not completely recovered. He opined that plaintiff's sleep disruption, social isolation and flashbacks significantly impaired her daily activities for a period of seven months after the accident.

In our view, the foregoing evidence is insufficient to establish that plaintiff suffered a significant limitation of use of a body function or system. Schwartz did not specifically attribute a causal connection between the accident and the degenerative changes in plaintiff's cervical spine. He indicated that, as of October 1995, plaintiff experienced a 10% loss of the range of motion in her left shoulder. This is not a significant limitation (*see, e.g., Morgan v Beh*, 256 AD2d 752, 753; *Hemmes v Twedt*, 180 AD2d 925, 926). Moreover, while a mental or emotional impairment may in certain circumstances constitute a "significant limitation of use of a body function or system" under Insurance Law § 5102 (d) (*see, Cushing v Seemann*, 247 AD2d 891, 892; *Spinrad v Gasser*, 235 AD2d 687, 688), Regula's affidavit fails to provide that objectively measured quantum of evidence necessary to satisfy this category of serious injury (*see, Lanuto v Constantine*, 192 AD2d 989, 991, *supra*). Therefore, defendants' motion should have been granted as to plaintiff's alleged injuries under the significant limitation category.

We reach a different conclusion, however, with respect to the 90/180-day category. On this issue, it was incumbent upon plaintiff to "present credible medical evidence that an injury or impairment was sustained * * * [that] was the cause of her claimed disability for the applicable period" (*Lanuto v Constantine, supra*, at 991 [citation omitted]). She was further required to demonstrate that she "has been curtailed from performing [her] usual activities to a great extent rather than some slight

curtailment" (*Licari v Elliott*, 57 NY2d 230, 236; *see*, *Gaddy v Eyler*, *supra*, at 958). Plaintiff submitted her own affidavit in which she related the changes in her lifestyle since the accident. She averred that she was treated in the emergency room two days after the accident and missed three weeks of work. She stated that Schwartz referred her to physical therapy which she attended for 24 weeks. She indicated that, although she continued to drive from her home in Saratoga County to her job in Albany County and to her physical therapy appointments, she experienced anxiety attacks when driving. She averred that, while undergoing physical therapy, she was unable to do yard or house work consisting of mowing, raking, weeding, laundry, vacuuming, cooking, dusting, cleaning and walking her dog and that, since the accident, she has curtailed many of the activities she previously enjoyed such as fishing, bowling, dancing and traveling.

As previously noted, Schwartz imposed upon plaintiff a restriction upon lifting and opined that she was significantly disabled for 120 days following the accident. In addition, Regula averred that the posttraumatic stress disorder significantly affected plaintiff's lifestyle causing her to avoid driving and social situations and that plaintiff's daily activities were impaired for seven months after the accident. In our view, plaintiff's affidavit, together with the affidavits of Schwartz and Regula, are sufficient to raise questions of fact concerning whether plaintiff suffered a medical impairment which prevented her from performing her usual and customary activities for 90 out of the 180 days following the accident. Therefore, Supreme Court properly declined to grant defendants' motion for summary judgment dismissing plaintiff's action alleging serious injury under that category.

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of defendants' motion for summary judgment dismissing plaintiff's complaint alleging serious injury under the category of a significant limitation of use of a body function or system; motion granted to that extent and summary judgment awarded to defendants dismissing said claim; and, as so modified, affirmed.