■ JOSEPH W. BUSHMAN, Appellant, v DOMINICK N. DI CARLO, Respondent, et al., Defendant. [702 NYS2d 426] —Mugglin, J. Appeal from an order of the Supreme Court (Lynch, J.), entered February 18, 1999 in Schenectady County, which granted defendant Dominick N. Di Carlo's motion for summary judgment dismissing the complaint against him.

This action arises out of a motor vehicle accident occurring

on December 15, 1992 during which plaintiff, a passenger in a vehicle operated by his brother, defendant William C. Bushman, allegedly sustained injuries to his back and neck when the Bushman vehicle collided with a vehicle operated by defendant Dominick N. Di Carlo (hereinafter defendant). Immediately following the accident, plaintiff was examined at the hospital and diagnosed with acute cervical and trapezius muscle strain and spasm, together with mild head trauma. X rays of plaintiff revealed disc spaces to be well maintained, no evidence of fracture or subluxation and no soft tissue abnormalities. The radiologist's report concluded that plaintiff's cervical spine was normal. Four days after the accident, plaintiff began treating with a chiropractor, John Graham. Graham diagnosed plaintiff as suffering from a thoracic strain/sprain, a dislocation/subluxation of the cervical spine, a subluxation to the thoracic vertebrae, a prolapsed, protruding, ruptured or herniated lumbar disc/lumbar subluxation and cervical myofascitis. Plaintiff treated with his chiropractor until the end of 1993. In a letter dated May 3, 1994, Graham reported to the insurance carrier that plaintiff had reached maximum medical improvement and was very close to a point of health prior to his injury.

Defendant moved for summary judgment dismissing plaintiff's complaint alleging that plaintiff failed to sustain a serious injury as defined by Insurance Law § 5102. Supreme Court granted defendant's motion for summary judgment finding that plaintiff's evidentiary submissions in opposition did not create any genuine triable issue of fact concerning whether plaintiff sustained a "serious injury" necessary to satisfy the threshold requirement of Insurance Law § 5102 (d). Plaintiff appeals asserting that defendant's evidentiary submissions regarding plaintiff's lack of a serious injury were insufficient to shift the burden to plaintiff and that, in any event, plaintiff adequately demonstrated genuine triable issues of fact requiring the denial of defendant's motion for summary judgment.

Plaintiff's bill of particulars alleges that a "serious injury" as defined in Insurance Law § 5102 (d) existed since plaintiff was unable to perform his customary and usual daily activities for not less than 90 days out of 180 days following the accident; that he suffered from a significant limitation of use of the cervical and lumbar spine, trapezius, left arm and left hip and that he suffered a permanent limitation of use of same.

In order to prevail on this type of motion, defendant had the initial burden of establishing that plaintiff did not sustain the type of "serious injury" necessary to satisfy the threshold

requirement of Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957; *Boehm v Estate of Mack*, 255 AD2d 749, 749-750). In order to sustain this initial burden, defendant produced the hospital records in connection with plaintiff's treatment immediately following the accident, the report of an examination performed by defendant's chiropractor on plaintiff in June 1995 and the independent medical examination reports of two orthopedic surgeons resulting from examinations performed in January 1997 and April 1998. Contrary to the assertions of plaintiff, the foregoing evidence was clearly sufficient to meet defendant's initial burden on the threshold issue of serious injury and required plaintiff to come forward with evidence in admissible form creating a genuine triable issue of fact as to whether plaintiff sustained a serious injury as a result of the accident (*see, Gaddy v Eyler, supra*; *Morgan v Beh*, 256 AD2d 752; *Weaver v Derr*, 242 AD2d 823; *Rennell v Horan*, 225 AD2d 939).

In opposition to defendant's motion, plaintiff submitted as his only medical evidence an affidavit of his treating chiropractor, Graham. Although this affidavit indicated certain diagnoses, Graham claimed that these were reached through a process of elimination considering plaintiff's claimed symptoms of pain and numbness. Graham concluded, based on his examinations of plaintiff and diagnostic testing, that plaintiff's injuries were of a permanent nature, including, *inter alia*, a 10% loss of use of his lumbar area, a 5% loss of use of his trapezius area and a 5% loss of use of his cervical area. Clearly, this affidavit contradicted his earlier statements that plaintiff had suffered no permanent injury and that plaintiff had reached maximum medical improvement, regaining that point of health which existed prior to the accident. Ordinarily, as plaintiff contends, issues of credibility are sufficient to defeat a motion for summary judgment (*see, Home Mut. Ins. Co. v Lapi*, 192 AD2d 927, 929; *Rickert v Travelers Ins. Co.*, 159 AD2d 758, 759, *lv denied* 76 NY2d 701). Issues of credibility may, however, be resolved as a matter of law under appropriate circumstances, such as here, where the claims are conclusory and self-serving (*see, Rickert v Travelers Ins. Co., supra*).

Here, the issue of credibility involved plaintiff's treating chiropractor on whom he relied to medically support his claim of "serious injury". The affidavit submitted by Graham is insufficient to overcome his prior representations concerning the lack of permanent injury to plaintiff and insufficient, in and of itself, to support plaintiff's claim of serious physical injury. Although Graham stated in his affidavit that he performed

certain testing, there is no objective explanation of the testing that he claims to have performed which supports his conclusion (*see, Bennett v Reed*, 263 AD2d 800; *Fountain v Sullivan*, 261 AD2d 795; *Uhl v Sofia*, 245 AD2d 988). There is no indication that Graham ever performed any type of diagnostic studies, X rays, CAT scans or MRIs in order to diagnose a bulging or herniated disc. Further, without an objective clinical basis for the diagnosis asserted in the affidavit, plaintiff was left to rely on his own subjective complaints which were, by themselves, insufficient to establish a serious injury under Insurance law § 5102 (d) (*see, Scheer v Koubek*, 70 NY2d 678, 679; *Tankersley v Szesnat*, 235 AD2d 1010, 1012). Without competent evidence and diagnostic testing to support the conclusory claims of permanency, Graham's affidavit was simply insufficient to create any genuine triable issue of fact concerning "serious injury".

We have examined the balance of plaintiff's contentions and find them to be without merit.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.