■ LISA BARBARULO, Appellant, v THERESA ALLERY, Defendant, and SCOTT GOULD et al., Respondents. [707 NYS2d 268] —Cardona, P. J. Appeal from an order of the Supreme Court (Lynch, J.), entered June 16, 1999 in Schenectady County, which granted a motion by defendants Scott Gould and Nissan Motor Acceptance Corporation for summary judgment dismissing the complaint against them.

On October 19, 1993, plaintiff was involved in a two-car accident on Wolf Road in the Town of Colonie, Albany County, when her vehicle was struck by a vehicle owned by defendant Nissan Motor Acceptance Corporation and operated by defendant Scott Gould (hereinafter collectively referred to as defendants). As a result, plaintiff commenced this negligence

action against defendants.* Following joinder of issue, plaintiff served a bill of particulars alleging, *inter alia*, that she sustained injuries consisting of a strain/sprain of the cervical spine, aggravation of a preexisting injury to the cervical spine, lumbosacral sprain/strain and limitation in the range of motion of the cervical spine and lumbar spine which constituted serious injuries under Insurance Law § 5102 (d). Thereafter, defendants moved for summary judgment dismissing the complaint against them on the ground that plaintiff failed to establish that she sustained a serious injury under Insurance Law § 5102 (d). Supreme Court granted the motion, resulting in this appeal.

Initially, we note that as the proponent of the motion for summary judgment, the burden was on defendants to establish that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957; *Bushman v Di Carlo*, 268 AD2d 920, 921-922; *Tankersley v Szesnat*, 235 AD2d 1010, 1011). In support of their motion, defendants submitted medical reports disclosing that plaintiff was taken to the emergency room after the accident where she was diagnosed with a cervical muscle strain, fitted with a soft collar and released. Timothy Maggs and Kelly Comerford, chiropractors, conducted independent medical examinations of plaintiff on April 14, 1994 and May 22, 1995, respectively. Maggs concluded that plaintiff had sustained a moderate cervical strain/sprain injury causally related to the accident and recommended further chiropractic treatment. When Comerford examined plaintiff, she demonstrated no medical findings to support the ongoing treatment for the injuries sustained in the accident. Comerford determined that her injuries had resolved without remaining disability. James Holmblad, a physician specializing in orthopedics who conducted an independent medical examination of plaintiff on May 8, 1998, opined that plaintiff's cervical spine was normal and that she did not suffer any permanent impairment as a result of the October 1993 accident. None of the tests performed upon plaintiff, including nerve studies, revealed any abnormalities of the cervical spine.

Although X rays taken of plaintiff on the day of the accident revealed a loss of normal cervical lordosis, none of the medical examiners opined that the condition was causally related to the injuries allegedly sustained in the accident. In addition to

---

* While not involved in this appeal, plaintiff included Theresa Allery as a defendant in the action based upon injuries sustained as the result of an automobile accident involving plaintiff and Allery on April 3, 1993.

the foregoing medical proof, defendants submitted evidence that plaintiff was out of work for one week following the accident. Contrary to plaintiff's claim, we conclude that defendants' showing was adequate, with respect to each of the four categories set forth in Insurance Law § 5102 (d), to shift the burden to her to raise triable issues of fact as to whether she sustained a serious injury within the meaning of the statute (*see*, *Gaddy v Eyler*, *supra*, at 956-957; *Tankersley v Szesnat*, *supra*, at 1012).

To successfully oppose defendants' motion for summary judgment, plaintiff was required to come forward with "competent medical evidence based upon objective medical findings and diagnostic tests to support her claims" (*Fountain v Sullivan*, 261 AD2d 795, 796; *see*, *Kristel v Mitchell*, 270 AD2d 598, 599; *Rath v Shafer*, 267 AD2d 565, 565-566). In addition to her own affidavit, plaintiff submitted the affidavits of Matthew Mirabile and Jo Reeves, chiropractors who treated her following the accident. Inasmuch as Reeves' statement is unsworn, it is of no probative value (*see*, *Cody v Parker*, 263 AD2d 866, 867). Nevertheless, were we to consider this statement, we would find it insufficient to support her diagnosis of "loss of cervical range of motion and pain". First, there is no detail concerning the percentage loss of plaintiff's cervical range of motion. Second, Reeves' statement fails to identify any of the orthopedic tests performed and their results. Finally, no causal connection is made between the diagnosis and plaintiff's claimed inability to participate in her usual and customary activities. Contrary to allegations expressed in the statement, it lacks objective medical evidence substantiating the claim of serious physical injury.

Turning to Mirabile's affidavit, he stated that plaintiff initially came to him on October 20, 1993 with complaints of soreness and stiffness in the right side of her neck, right shoulder blade and lower back. He diagnosed her with strain/sprain of the cervical spine and lumbosacral area, aggravation of a preexisting injury to the cervical spine and limitation of the range of motion in both the cervical and lumbar spine, and treated her approximately 125 times until April 1997. He averred that plaintiff was unable to sit for long periods of time, turn to answer phones and otherwise perform usual secretarial duties and, therefore, he instructed her to stay out of work for one week. He further stated that plaintiff was unable to clean her home, exercise, play softball or water ski and experienced difficulty running, bending and lifting. Mirabile indicated that even though plaintiff returned to work after one week, her injuries precluded her from performing substantially all of her

usual activities for approximately six months after the accident. In addition, he averred that the injuries to plaintiff's neck and lower back were supported by objective medical evidence consisting of X rays and a physical exam. He opined that, as a result of the October 1993 automobile accident, plaintiff sustained a permanent significant limitation of use of her neck and lower back resulting in a permanent partial disability of a mild to moderate degree which will cause plaintiff to continue to experience pain and discomfort in the future and require further chiropractic treatment.

In our view, this medical submission is deficient. Although Mirabile referred to the existence of objective medical evidence in his affidavit, namely, X rays and a physical exam, he neglected to (1) state whether the X rays revealed a spinal abnormality resulting from the accident, (2) identify the diagnostic tests he performed and what those tests demonstrated, (3) indicate the objective medical findings supporting his opinion, or (4) relate those findings to the injuries allegedly sustained by plaintiff. In sum, Mirabile's affidavit is not based upon objective medical evidence and appears to be "patently tailored to conform to the statutory definition of serious injury" (*Lashway v Groshans*, 241 AD2d 832, 835; *see*, *Fountain v Sullivan*, *supra*, at 796; *Cannizzaro v King*, 187 AD2d 842, 843; *compare*, *Rath v Shafer*, *supra*).

Since the medical opinions expressed by plaintiff's experts with respect to her claims premised upon serious injury under the categories of a "permanent loss of use of a body organ, member, function or system", "permanent consequential limitation of use of a body organ or member" and "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]) are unsupported by objective medical evidence, we find no error in Supreme Court's grant of summary judgment dismissing these claims.

With respect to her claim of serious injury under the category of a "medically determined injury or impairment of a non-permanent nature" which prevents an injured party from performing substantially all of her usual daily activities for at least 90 of the first 180 days postaccident (Insurance Law § 5102 [d]), plaintiff averred that she was unable to play softball, water ski, exercise, lift anything, do laundry or clean her home for approximately six months to one year after the accident. She stated that she reduced her work hours; however, she admitted that her doctor did not instruct her to do so and that she only missed one week of work. Plaintiff indicated that, as of November 1998, she continued to treat with a chiroprac-

tor and experience pain in her neck and lower back. While Mirabile also stated that plaintiff was limited in performing certain activities, he failed to set forth sufficient medical evidence to (1) confirm, as previously indicated, the existence of a medically determined injury, and (2) establish a causal connection between the limitations described in plaintiff's affidavit and actual injuries sustained in the accident (*see, Evans v Beebe*, 267 AD2d 828, 829, *lv denied* 94 NY2d 762; *Lanuto v Constantine*, 192 AD2d 989, 991, *lv denied* 82 NY2d 654). Accordingly, summary judgment was properly granted on this claim as well (*cf., Sellitto v Casey*, 268 AD2d 753).

Mercure, Peters, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.