■ DONNA J. FITZMAURICE, Appellant, v JANICE L. CHASE et al., Respondents. [732 NYS2d 690] —Spain, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered September 18, 2000 in Rensselaer County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in an October 1996 motor vehicle accident in the City of Troy, Rensselaer County. At the time of the accident, plaintiff was a passenger in a car driven by her niece, defendant Charleen Simpson, when it was struck by a truck driven by defendant Janice L. Chase and owned by defendant William J. Chase. Following joinder of issue and discovery, Simpson moved for summary judgment dismissing the complaint against her alleging that plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d). The Chases cross-moved for the same relief. Supreme Court granted defendants' motions and dismissed the complaint. Plaintiff appeals arguing, as limited by her brief, that Supreme Court erred in granting summary judgment in favor of defendants because issues of fact were raised as to whether she sustained a medically determined head injury that prevented her from performing substantially all of her daily activities for 90 of the 180 days following the accident. We reject plaintiff's argument and, therefore, affirm.

It is well settled that the proponent of a motion for summary judgment under the no-fault statute must submit admissible evidence demonstrating that a plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955; *Barbarulo v Allery*, 271 AD2d 897, 898; *Bushman v Di Carlo*, 268 AD2d 920, 921-922, *lv denied* 94 NY2d 764). In support of her motion, Simpson submitted plaintiff's medical records and the affidavit of a Board- certified neurologist who reviewed the records and conducted an independent neurological examination of plaintiff. The medical records indicate that following the accident, plaintiff was taken to the emergency room where she was diagnosed with a head contusion, given Tylenol and released. She was subsequently examined by her primary care physician after presenting with symptoms of headache and slight neck pain and was advised to stay out of work for one week. A CAT scan of her head revealed no injury. Plaintiff was then referred to a neurologist who examined her in December 1996, April 1997 and March 1998 and ordered an MRI of plaintiff's head, the results of which were unremarkable. Inasmuch as plaintiff continued to complain of double vision, the neurologist referred her to a neuro-ophthalmologist who diagnosed sinusitis and conjunctivitis. There is no indication in the record that plaintiff has sought any further treatment for this injury since her March 1998 visit to her neurologist.

In his affidavit, Simpson's expert neurologist opined, based

upon his examination of plaintiff and a review of her medical records, that there were no objective findings to support plaintiff's claim that she suffered from a neurological injury and that any head injury sustained in the accident was trivial. Specifically, he asserted that plaintiff's claimed inability to remember things was inconsistent and incredible and that her complaint of double vision was unrelated to the accident inasmuch as it would have been evident immediately after the accident, not a week later as plaintiff described. Likewise, he opined that plaintiff's complaints of headaches are drug rebound headaches from overuse of analgesics and noted that her medical records revealed a past medical history of migraines. We find that this independent medical opinion, together with the documentary medical evidence in the record, satisfied defendants' initial burden of demonstrating that plaintiff did not sustain a serious injury within the meaning of the statute.

The burden then shifted to plaintiff to "come forward with 'competent medical evidence based upon objective medical findings and diagnostic tests to support her claims'" (*Barbarulo v Allery*, 271 AD2d 897, 899, *supra*, quoting *Fountain v Sullivan*, 261 AD2d 795, 796; *see, Carota v Wu*, 284 AD2d 614, 615). In opposition to defendants' motions, plaintiff submitted an affidavit of her treating neurologist indicating that he diagnosed plaintiff with postconcussive syndrome secondary to a concussion she sustained in the October 1996 accident and prescribed Fioricet to relieve her headaches. He acknowledged that this diagnosis was based on plaintiff's subjective complaints and conceded that there are no objective signs or symptoms associated with postconcussive syndrome and that no objective tests can be performed to determine whether a patient suffers from such a condition. The neurologist opined that plaintiff's condition would have limited her ability to perform certain activities, including working as a seamstress and carrying out her activities of daily living from the time of the accident until April 17, 1997. Plaintiff stated in an affidavit that the headaches and double vision, which she attributes to the head injury she claims she sustained in this accident, left her unable to effectively perform her job as a seamstress, ultimately resulting in her termination from employment, and that these headaches prevented her from performing her housekeeping duties such as cooking, cleaning and laundry.

In our view, plaintiff's affidavits are deficient as they fail to offer sufficient medical evidence to confirm the existence of a medically determined injury which would have caused such

limitations on plaintiff's daily activities (*see, Blanchard v Wilcox*, 283 AD2d 821, 823-824; *Barbarulo v Allery, supra,* at 901; *Bennett v Reed,* 263 AD2d 800, 801; *Lanuto v Constantine,* 192 AD2d 989, 991, *lv denied* 82 NY2d 654; *cf., Uhl v Sofia,* 245 AD2d 988, 990-991). Accordingly, we find no reason to disturb Supreme Court's determination that plaintiff did not make a sufficient showing to defeat defendants' motions for summary judgment.

Crew III, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with one bill of costs.