[734 NYS2d 684]

Shonta M. Monk, Respondent, v Mark N. Dupuis et al., Appellants.

Third Department, December 20, 2001

APPEARANCES OF COUNSEL

*Brennan, Rehfuss & Liguori, P. C.,* Albany (*John W. Liguori* of counsel), for appellants.

*Thomas S. Marzitelli,* Troy, for respondent.

### OPINION OF THE COURT

SPAIN, J.

Plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in an October 1997 motor vehicle accident in the City of Albany, Albany County. According to plaintiff, she was operating an automobile stopped at a traffic light when a recycling truck in front of her car, driven by defendant Mark N. Dupuis and owned by defendant City of Albany, began moving in reverse and collided with the front of her car, causing her to move about within the passenger compartment and strike the back of her seat and the steering wheel. Thereafter, plaintiff commenced this negligence action, following which defendants moved for summary judgment dismissing the complaint in its entirety, alleging that plaintiff had not sustained a "serious injury" within the meaning of Insurance Law § 5102 (d).

While plaintiff's original bill of particulars had claimed that she sustained a serious injury under the "significant *loss* [*sic*] of use of a bodily [*sic*] function or system" and 90/180-day categories of Insurance Law § 5102 (d), in opposing defendants' summary judgment motion plaintiff served an amended bill of particulars pursuant to CPLR 3042 (b) alleging for the first time a "permanent loss of use of a bodily function or system" in addition to the 90/180-day claim. Supreme Court found that plaintiff had submitted sufficient evidence in opposition to defendants' motion to support her claim that she was unable to perform substantially all of the material acts which constituted her usual and customary daily activities for more than 90 days of the first 180 days following the accident. While denying defendants' motion for summary judgment, the court did not address any other "serious injury" category or indicate whether it was reviewing the new category alleged in the amended bill. Defendants appeal, and we affirm.

It is well settled that the proponent of a motion for summary judgment under the no-fault statute must submit admissible evidence demonstrating that plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957; *Barbarulo v Allery*, 271 AD2d 897, 898; *Bushman v Di Carlo*, 268 AD2d 920, 921-922, *lv denied* 94 NY2d 764). In support of their motion, defendants submitted plaintiff's medical records and two affidavits of a licensed chiropractor who reviewed the records and conducted a peer/utilization review of the treatments provided to plaintiff. The medical records indicate that following the accident, plaintiff was taken to the emergency room where X rays of her pelvis and lumbar spine were conducted and determined to be normal. She was diagnosed with muscle strain, given pain medication, and released. She was subsequently examined by a chiropractor and received chiropractic treatment during 96 visits over an 11-month period. As part of this treatment, MRI studies were performed on November 24 and 26, 1997, and she was examined by a neurologist and an orthopedic surgeon.

In his affidavits, defendants' expert chiropractor opined that, based upon his review of plaintiff's medical records, no objective medical evidence exists to support the finding of any serious or permanent injury, and plaintiff suffered, at most, a strain or sprain from which she would be expected to fully recover within four months of the accident. We find that this medical opinion, together with the documentary medical evidence, satisfied defendants' initial burden of proof and shifted to plaintiff the burden of raising a triable issue of fact through competent medical evidence to support her claim (*see, Fitzmaurice v Chase*, 288 AD2d 651, 653; *Sellitto v Casey*, 268 AD2d 753, 754).

In opposition, plaintiff submitted an affidavit of her treating chiropractor indicating that he diagnosed her with the following injuries resulting from the accident: cervicocranial syndrome, cervical brachial neuritis, sciatica, lumbar intervertebral disc syndrome, a bulging disc at L4-5 of lumbar spine, and a herniated disc at L5-S1 extending to both sides of the midline and abutting both S1 nerve roots and that, as a result of these injuries, plaintiff was suffering from muscle spasms, lower back pain, numbness and tingling in her arms, hands and legs. He concluded that her injuries rendered her totally disabled from employment from the October 1997 accident until November 5, 1998, and stated that his opinion was based upon his personal examinations of plaintiff and a review of her medi-

cal records, including diagnostic tests. Plaintiff testified in a deposition that she was confined to bed immediately after the accident, unable to perform housework or other daily activities for a period of time and unable to attend college classes for an entire semester, required assistance with housework and the care of her children for approximately one year, needed assistance getting in and out of her car for approximately three or four weeks, and was disabled from her employment for 14 months.

Inasmuch as plaintiff was entitled to amend the bill of particulars once prior to the filing of a note of issue without leave of the court (see, CPLR 3042 [b]; see also, Bauch v Verrilli, 176 AD2d 1116), we will address plaintiff's claims raised in the amended bill of particulars that she sustained a "permanent loss of use of a bodily function or system" and a medically determined injury under the 90/180-day category of Insurance Law § 5102 (d). In our view, plaintiff's submissions are insufficient to establish that she suffered a total permanent loss of use of any bodily function or system, as plaintiff's chiropractor at most opined that the described restrictions on her daily activities relating to walking, standing, sitting and lifting were permanent, but offered no opinion that she suffered any permanent, total loss of use of any nature (see, Oberly v Bangs Ambulance, 96 NY2d 295). Thus, plaintiff failed to sustain her burden on the permanent loss category and it should not be considered at trial.

With regard to plaintiff's claim that she was prevented "from performing substantially all of the material acts which constitute[d] [her] usual and customary daily activities" for 90 of the 180 days following the accident (Insurance Law § 5102 [d]), we find that plaintiff succeeded in meeting her burden in opposing defendants' motion. Recognizing that this Court has employed a variety of terminology to characterize the type of proof that plaintiffs are required to submit to create a question of fact on a claim under the 90/180-day rubric, we take this opportunity to review the evidentiary showing that plaintiff must satisfy to successfully oppose defendants' proof on a nonpermanent, 90/180-day claim as distinguished from claims under other "serious injury" categories.

Our cases have on occasion suggested that "objective medical evidence" or diagnostic tests are required to support a 90/180-claim (see, Barbarulo v Allery, 271 AD2d 897, 899, supra; Bennett v Reed, 263 AD2d 800, 801) or, more often, noted that such objective evidence was submitted to support a 90/180-day claim

(see, *Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768, 770-771; *Rath v Shafer*, 267 AD2d 565, 566-569; *Stone v Hidle*, 266 AD2d 705, 706-707; *Jones v Fraser*, 265 AD2d 773, 775; *Swarthout v Magee*, 248 AD2d 796, 797). However, we emphasize that in every case, the medical affidavits and records submitted by the plaintiff in opposition are evaluated for consideration of the stated diagnosis as well as the stated basis for the diagnosis and the medical findings—including, *inter alia*, diagnostic tests relied upon, if any, and their results and how the findings relate to a plaintiff's injuries or diagnosis. If no diagnostic tests are relied upon, it is essential that the affidavit reflect observable, palpable, measurable or quantifiable findings upon physical examination.

In each case, the critical inquiry is whether the plaintiff has submitted sufficient competent, credible medical evidence based on objective medical findings of a "medically determined injury or impairment of a non-permanent nature" (Insurance Law § 5102 [d]) which would have caused the alleged limitations on the plaintiff's daily activities (*see, Fitzmaurice v Chase, supra*, at 652-653; *Mikl v Shufelt*, 285 AD2d 949, 950; *Blanchard v Wilcox*, 283 AD2d 821, 824; *Barbarulo v Allery, supra*, at 900-901; *Sellitto v Casey*, 268 AD2d 753, 755, *supra*; *Jones v Malark*, 261 AD2d 788, 790). We have consistently recognized that a diagnosis based solely on a plaintiff's subjective complaints is insufficient for this purpose (*see, Fitzmaurice v Chase, supra*, at 653; *Jones v Malark, supra*, at 790) and that the nonconclusory, objective, medical basis for the diagnoses and findings must be ascertainable from the affidavits (*see, Blanchard v Wilcox, supra*, at 824). We accord weight to a medical determination that a plaintiff was totally disabled as a result of an accident provided it is supported by objective, credible medical findings (*see, Mikl v Shufelt, supra*, at 950; *Jones v Malark, supra*, at 790), and require a plaintiff to support a claim that restrictions on his or her activities were "medically indicated and causally related to the injuries sustained in the accident" (*Blanchard v Wilcox, supra*, at 824; *see, Barbarulo v Allery, supra*, at 900-901; *Sellitto v Casey, supra*, at 755-756). We do not, however, require proof in all 90/180 cases of diagnostic tests such as CT scans, X rays or MRIs in order to reach the conclusion that the medical findings are sufficient and credible. On a 90/180 claim, the plaintiff must also demonstrate, of course, that his or her usual activities were curtailed "to a great extent rather than some slight curtailment" (*Licari v Elliott*, 57 NY2d 230, 236; *see, Rose v Furgerson*, 281 AD2d 857, 860, *lv denied* 97 NY2d 602).

Here, plaintiff has come forth with credible medical evidence consisting of her chiropractor's affidavit that, as a result of the accident, she was totally disabled from employment for approximately 14 months. This medical opinion and the underlying diagnoses were expressly based upon frequent examinations of plaintiff as well as diagnostic tests including MRIs. While it is significantly more probative for a medical affidavit to indicate the results of the diagnostic tests relied upon, and to connect the medical findings to a plaintiff's specific injuries or diagnosis (*see, Barbarulo v Allery, supra*, at 900), here, we find that plaintiff's submissions were adequate to raise a question of fact on her 90/180-day claim. Plaintiff's testimony also reveals her inability to independently maintain her usual household duties for up to one year following the accident, as well as her limitations on walking, standing, sitting and lifting (*see, Sellitto v Casey, supra*, at 756; *Barnes v Stewart*, 258 AD2d 707, 708). Accordingly, we find no reason to disturb Supreme Court's determination that plaintiff made a sufficient showing to defeat defendants' motion for summary judgment on the 90/180-day claim.

CARDONA, P. J., CREW III, ROSE and LAHTINEN, JJ., concur.

Ordered that the order is affirmed, with costs.